Comstock, Oh. J.
 

 There is no evidence that the defendant authorized- or knew of the alleged fraud committed by his agent Davis, in negotiating the exchange of lands. Nevertheless, he cannot enjoy the fruits of the bargain without adopting all the instrumentalities employed by the agent in bringing it to a consummation. If an agent defrauds the person with whom, he is dealing, the principal, not having authorized or participated in the wrong, may no doubt rescind, when he discovers the fraud, on the terms of making complete restitution. But so long as he retains the benefits of the dealing he cannot claim immunity on the ground that the fraud was committed
 
 *240
 
 by his agent- and not by himself. This is elementary doctrine and it disposes.of one of the questions raised at the trial.
 

 The complaint, in setting forth the cause of action, counts upon false representations made by the defendant, without any reference to the agent. This mode of stating the case we think was proper under any system of pleading. The same rule of law which imputes to the principal the fraud of the agent and makes him answerable for the consequences, justifies the allegation in pleading that the principal himself committed the wrong. If this were otherwise, the pleading was nevertheless amendable at the trial. The allegation might have been made to conform to the proof, and where this might properly be done at the trial,- it can be done even after the judgment, This court in such eases never reverses a judgment, although the amendment has not been actually made.
 
 (Lounsbury
 
 v. Purdy, 18 N. Y., 515.)
 

 The question of fact litigated at the trial was, whether the representations of Davis, the agent of the defendant, concerning the western lands, were fraudulently made. The defendant claimed a nonsuit; one of the grounds of his motion being that the evidence wholly failed to show that either the agent or the principal knew that the representations were false. According to the testimony -on the part of the plaintiff, certain statements were made by Davis, of a very direct and positive character, concerning the quality and advantages of the defendant’s land situated in Indiana and Illinois. These statements were so minutely descriptive of the land that on their face they clearly imported a knowledge of the facts on the part of the person making them, and they were not materially qualified by a reference to any other person as the source of information. The evidence on the part of the defendant gave a somewhat different complexion to the case, but the question of fact was fairly submitted to the jury. The question-of law "was whether the representations could be deemed fraudulent unless they were known to be false. In regard to this we entertain no serious doubt. Mr. Justice Story thus states the rule': “ Whether a party misrepresenting a material fact know it to be false,
 
 or
 
 
 *241
 
 make the assertion without knowing whether it were true or false, is wholly immaterial; for the affirmation of what one does not know or believe to be true is equally, in morals and law, as unjustifiable as the affirmation of what is known to be positively false.” (1 Story Eq., § 193, and see note.) In the case before us the representations of the defendant’s agent were proved to be grossly false, and they could not be honestly made when he had not the slightest knowledge of the subject to which they related. The plaintiff knew nothing of the lands which he was about to buy. If these statements as to the situation and characteristics of those lands were made with an intent that he should rely upon them, and if he did rely upon them, it was as much a fraud as if they were known to be untrue. The law is not so unreasonable as to deny redress in such a case.
 
 (Stone
 
 v. Denney, 4 Metc, 161;
 
 Buford
 
 v. Caldwell,
 
 3
 
 Missouri, 477;
 
 Thomas
 
 v.
 
 McCann,
 
 4 B. Monroe, 601;
 
 Parham
 
 v.
 
 Randolph,
 
 4 Howard [Miss.], 435.)
 

 The case does not present any other questions requiring a particular consideration. We think the judgment must be affirmed.
 

 Selden, J., expresed no opinion; all the other judges concurring,
 

 Judgment affirmed.