Decker *v.* Leonard.

New trial granted.

---

## Lavina A. Decker, Respondent, *v.* John E. Leonard, Appellant.

(General Term, Fourth Department, May, 1872.)

Pursuant to a parol agreement between plaintiff and E., and in consideration of a certain sum advanced by E. to her, a deed was executed by plaintiff of certain premises owned and possessed by her, reciting the receipt of a valuable consideration, in which the wife of E. was named as grantee. At the same time with the execution of the deed, E. executed an agreement in writing and under seal, by which he for value received agreed that plaintiff should have the sole and undivided use of the premises conveyed by the deed during her natural life; and, further, that she might sell the same at any time by paying to E. a sum named, without interest. This agreement was delivered to plaintiff, who simultaneously delivered to E. the deed. The wife of E. was not present at the transaction, and it did not appear that she had at the time any know-

Decker *v.* Leonard.

ledge of it. Plaintiff continued in possession of the property until it was conveyed with warranty by E. and his wife to defendant, who had actual notice before his purchase of the agreement between E. and plaintiff. Defendant then took possession of the property.

*Held,* that the deed and agreement were to be construed together as one instrument, and were in legal effect a mortgage; that by the conveyance to him defendant became only an assignee thereof, and that plaintiff was entitled to recover the possession of the premises.

ACTION to recover possession of real estate. The facts are as follows: On the 6th of October, 1854, the plaintiff was seized in fee of the premises in question, and on that day entered into an agreement by parol with Eddington B. Decker, in consideration of a certain sum of money advanced by said Eddington, and of certain rights of possession and redemption of said premises to be secured to her, to convey to said Eddington or to his appointee the said premises by deed purporting on its face to convey an absolute title. In pursuance of such parol agreement or understanding a deed was prepared to be executed by said plaintiff, in which Margaret Decker, the wife of said Eddington, was named as grantee with a consideration of $427 named therein as received. This deed purported to convey the entire fee of the premises and was signed and acknowledged by the plaintiff.

At the same time the said Eddington had prepared a paper for the plaintiff, in order to carry out the agreement, in the words and figures following:

" For value received, I, E. B. Decker, of the city and county of New York, hereby agree that Lavina Decker, of Auburn, county of Cayuga and State of New York, shall have the sole and undivided use of the house and lot known as No. 3 of the Academy lease lots, during her natural life. I further agree that she shall at any time sell the above named property by paying to me the sum of four hundred dollars, without interest from date.

"AUBURN, *Oct.* 6, 1854.

"[L. S.]                                    E. B. DECKER."

Decker *v.* Leonard.

This paper, signed and sealed by Eddington, was delivered to the plaintiff, and simultaneously the plaintiff delivered to him the deed aforesaid. Eddington was a stepson of the plaintiff, and the evidence tended to show that the money advanced by him was to pay off and satisfy an outstanding mortgage on the premises.

Margaret Decker, the grantee in the deed, was not present at any part of the transaction, and there is no evidence to show that she had given any previous authority to her husband, or had any interest in the money advanced, or had any knowledge whatever of what was done until some time after the whole was completed. The plaintiff's deed to the grantee was duly recorded, but the agreement was neither acknowledged or recorded. The plaintiff continued in possession of the premises, after this transaction the same as before, up to March 23d, 1870, when the said grantee, with her husband Eddington, conveyed the same by deed with covenant of warranty to the defendant. The defendant under this deed went into possession on the 10th of April thereafter, to the exclusion of the plaintiff, and continued the same up to the commencement of the action.

The defendant, before his purchase, had actual notice of the plaintiff's claim.

The action was tried by the court without a jury. Judgment was ordered in favor of the plaintiff for the recovery of the possession, and $135 damage for use and occupation, and withholding possession.

The defendant excepted, and appeals to the General Term.

*J. T. Pingree,* for the appellant.

*W. E. Hughitt,* for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. Upon the facts established in this case we think the judgment is right.

The defendant is not a *bona fide* purchaser without notice, and is in no better situation than his grantor, Margaret Decker would have been, had she been in possession and the action been brought against her. It is insisted, on behalf of the defendant, that Margaret Decker, by means of the plaintiff's conveyance to her, acquired a perfect and absolute title to the premises, which was in no respect limited or affected by the instrument executed by her husband, and delivered cotemporaneously with the delivery of the grant. But this will scarcely do. The instrument and the right therein specified are part of the consideration of the grant, and a part of the bargain in which the grant is founded.

The grant and the instrument were executed and delivered at the same time, in fulfillment and performance of a previous parol arrangement, and are to be read and construed together, as though both were a single instrument. The bargain was the bargain of the grantee's husband and the plaintiff.

They were the sole parties in interest in the subject-matter, so far as appears. The deed to the wife was a mere gratuity from the husband. It was the fruit of his contract, which, if she accepted, she must accept with all its qualifications and burdens. She must take the burden as well as the benefit, and cannot be allowed to hold the one and reject the other. She might have refused to accept the deed, as she was in no way interested in the subject-matter out of which it sprang, and was under no obligation to have anything to do with the transaction. But having accepted it, she must hold it, as it is, affected by the whole transaction in which it had its origin and consummation, and for what it is, in fact and in law; and cannot repudiate or change anything connected with it without restoring what she has received. If she retains what she gets by the instrument the law will oblige her to sanction and be bound by the whole transaction, and will make it hers, the same as though she authorized and directed it originally.

The law will charge the instrumentalities to her account, and impute to her all the concurrent acts which affect the

transaction, the same as though she had been the party originally. (Paley on Agency, Dunlap's ed., 171, *n, o; Bennett* v. *Judson,* 21 N. Y., 238; Story on Agency, § 256.) The instrument given to the plaintiff, therefore, when the deed was delivered, whatever may be its legal effect, is her instrument so far as it affects her title under the conveyance. This instrument, in express terms, provides that the plaintiff may at any time sell the property by paying to the husband and agent of the grantee the sum of $400, without interest, and that the plaintiff shall have the sole and undivided use of the house and lot during her natural life. One part of the instrument is clearly in the nature of a defeasance, and renders the deed but a mortgage within the provisions of our statute. (1 R. S., 756, § 3.) It is, in point of law, merely a mortgage by way of securing the money advanced, reserving to the mortgagor the right of possession and occupancy during her life. The instrument is in writing, and is under seal, and shows plainly what was intended by the parties to the transaction, and it comes within the terms of the statute. No seal was necessary; but it works no harm. Reading the two instruments together, the deed becomes a mere mortgage, reserving to the mortgagor the right as against the mortgagee of possession and occupancy during her natural life.

The defendant, as grantee of the plaintiff's grantee, is only an assignee of this limited mortgage, and was not entitled to possession. Had it been an ordinary mortgage, and the mortgage debt due, the defendant, being in possession, might perhaps have retained it until the debt should be paid.

But here, by the very terms of the mortgage, the plaintiff's right of possession is secured to her for life, and, also, the right of paying off the debt at any time she might choose, without interest. The judgment is therefore right, and should be affirmed.

Judgment affirmed.