GEORGE C. PETERS AND OTHERS, EXECUTORS, ETC., OF JOHN R. PETERS, DECEASED, APPELLANTS, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, RESPONDENT.

*Municipal corporation — street opening — neglect of owner to remove building — unauthorized acts of officers in so doing — liability of city therefor — measure of damages.*

The city of New York having instituted proceedings to acquire title to the lands necessary for the widening of Church street, an award was made to the plaintiffs for land taken from them and for the expense of removing the buildings thereon. Subsequently, upon their failure to remove the buildings, the street commissioner, whose duty it was to take charge of the opening and altering of streets and avenues, advertised them for sale and paid over the proceeds to the defendant. In an action by the plaintiffs to recover the value of the buildings, *held* (1), that the materials in the buildings belonged to the plaintiffs, and that it was unlawful for the defendant to sell the same; (2), that though the street commissioner was not authorized to sell the buildings, yet, as he acted for the defendant in good faith and in pursuance of a general authority possessed by him, it was liable therefor.

The plaintiffs should be limited in their recovery, to the amount realized on the sale and actually paid over to the defendants, with interest, less the amount allowed to them for the removal of the buildings. (Per DAVIS, P. J.)

APPEAL from a judgment in favor of the defendants, entered on the dismissal of the plaintiffs' complaint on the trial at the Circuit.

*Timothy F. Neville* and *Moody B. Smith,* for the appellants.

*James M. Smith,* for the respondent.

DANIELS, J. :

It seems to be conceded in this case that the defendant instituted, carried on and completed proceedings for widening Church street, in the city of New York; that a portion of the land required and taken for that purpose, belonged to an estate of which the plaintiffs were the executors; and in the award made they were allowed the value of the land, and the expense of removing the buildings from it, and required to make such removal. The award was paid, but the buildings were not removed by the plaintiffs, nor by any person acting under their authority. After they had neglected, for the period of about sixteen months, to take measures for the removal of the buildings, the street commissioner, whose duty it was, under the ordinances of the city to open the street, advertised them for sale and sold them, and they were afterward removed and appropriated to their own use by the purchasers. The plaintiffs, claiming such sale and appropriation to have been unlawful and unauthorized, brought this action to recover the value of such materials. It appeared that all the buildings in the way of the completion of the widening of the street were sold at the same sale, and the proceeds received from them were paid into the treasury of the city. Upon this state of facts, together with evidence showing the value of the property claimed, the complaint of the plaintiffs was dismissed, to which they, in due form, excepted.

By the decision which was made in the case of *Schuchardt* v. *The Mayor* (53 N. Y., 202), the title of the owners to the materials in the buildings upon land taken for widening this street, was established. And it was further held that they could recover for a sale and appropriation of them, without their authority, against the defendant, when that was made by its act. That was neces-

sarily the result of sustaining the complaint in that case. And it restricts the present controversy to the question, whether the sale was, in this case, shown to have been made by the act or authority of the defendant. That was not proven by direct evidence. But it did appear that the city was engaged in the promotion of the enterprise of widening this street, and the removal of the buildings was indispensable to the success of that enterprise. It was made the duty of the street department, whose chief officer was the street commissioner, to open streets. For the purpose of opening this street that officer advertised, and caused to be sold, the buildings standing upon the land which had been taken for the widening of the street, and the city received the proceeds. It was not shown that it knew whence they proceeded. But that could reasonably have been inferred from the public nature of the enterprise in which it was engaged; the necessity of the removal of the buildings; the notoriety of the commissioner's acts for the promotion of that end, and the nature of the fund paid over to it. There was enough in the case to render the inquiry a proper one for the jury, whether the city had not confirmed the acts of its officer by receiving and enjoying their fruits; and if that were the case it was equivalent to a direct authority for the performance of such acts.

The decided probabilities of the transaction would appear to lead to the conclusion that the city desired to complete the work of widening the street, and directed the street department to remove the buildings standing in the way, without indicating the manner in which that was expected to be done. And in the exercise of that general authority, the commissioner having no place of storage or deposit for the materials, concluded that they could be most effectually removed by a sale, and made that accordingly. It was one mode of accomplishing the result he was required to produce, and for that reason not so entirely beyond the limits of the authority given to him, as to preclude the defendant from rendering itself liable by a ratification, proceeding from the acceptance and retention of the proceeds of the sale. (Dillon on Municipal Corporations [2d ed.], § 385, and notes; Angell & Ames on Corps. [4th ed.], § 304; *Bennett* v. *Judson*, 21 N. Y., 238, 239, 240; *Thayer* v. *City of Boston*, 19 Pick., 511.) There

can be no doubt but the commissioner acted *bona fide* pursuant to a general authority possessed by him, and supposed he did no more than to discharge the duty which had been imposed upon him. The act was done for the corporation, in the promotion of a proper and lawful enterprise prosecuted by it, and under its general authority, and that has been held to be sufficient to render it liable for the consequences of a deviation from the strict line of such authority. (*Lee* v. *Village of Sandy Hill*, 40 N. Y., 442.) The act of removing the buildings was a lawful and proper one, and if no more than that had been done the defendant would not have been liable. But to secure that removal a sale of their materials was made, and the purchaser according to its terms appropriated them to his own use. Those acts, while they secured the removal the commissioner was authorized to effect, were unauthorized, because the materials belonged to the plaintiffs. And for the reasons already assigned, enough was shown to entitle them to have the questions submitted to the jury, on the determination of which the liability of the defendant for such sale depended.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

BRADY, J., concurred.

DAVIS, P. J. :

The plaintiffs were wrong-doers in not removing the buildings after receiving compensation for the land and for the expense of removal. The building became a nuisance, which it was the duty of the proper city authorities to abate. The city was not bound to incumber the public streets with the building or its materials, nor to furnish a place of deposit on any of its other property. It had a right, therefore, under the peculiar circumstances of the case, to tear down the building and if necessary to dispose of the materials in any form requisite to get them out of the way of the street to be opened. In getting the building out of the way, the commissioner of public works only did an act which the plaintiffs were bound to perform, and if the same was done with reasonable care and prudence he should be regarded as acting with authority from the plaintiffs, who, from their neglect or refusal to remove the building

after compensation for so doing had been paid to them, must be regarded as assenting that the authorities might treat and dispose of the same as a nuisance.

If in disposing of a public nuisance a sale of the materials is made so that money therefor is realized, the proceeds may be regarded as the property of the owner of such nuisance, which may be recovered after proper demand, and after deducting the expenses incurred in the abatement of the nuisance.

I think, in this case, there could be no recovery of the city beyond the amount realized on the sale and actually paid into its treasury, with interest after proper demand, subject, also, to a deduction of the amount allowed and paid to plaintiffs in the award for the removal of the building.

In no other way can justice be done to the city, when placed in such a position by the wrongful conduct of a party, whose lands have been taken for a public street on payment of just compensation both for the land and the removal of buildings.

I concur that there should be a new trial in this case, but if the city be found liable, the damages should be measured by the rules above suggested.

Judgment reversed, new trial ordered, costs to abide the event.