ELEANOR F. BISHOP, RESPONDENT, *v.* CHARLES H. DAVIS, APPELLANT.

*Order of arrest — fraudulent representations.*

Where a person, to induce another to contract with him, makes statements known by the former to be false, or where he intends to convey the impression that he has actual knowledge of their truth, when conscious that he has not such knowledge, and they are in fact false, he thereby commits a fraud upon the other party.

When such representations are affirmative in character, positive and unequivocal, without condition or qualification, and are not made upon information or belief, or as matter of opinion, they must be regarded as designed to convey the impression that he had actual knowledge of their truth.

APPEAL from an order, made at the Special Term, denying a motion to vacate an order of arrest. The affidavit of the plaintiff, upon which the order was granted, sets forth " that she is the

plaintiff in this action, which action has been ·commenced to recover the sum of $3,800 damages, sustained by deponent from the false and fraudulent representations of the above named defendant, as hereafter set forth.

" That, on or before the 1st day of April, 1874, defendant proposed to this deponent an exchange of a mortgage of $3,500, which he held upon certain property in Greene county, in this State, for a printing establishment and furniture in the city of New York, belonging to deponent; that, for the purpose of inducing deponent to make such exchange, the defendant represented to and told deponent that said property was well worth the sum of $8,000; that the mortgagor's title thereto was perfect; that the land was good and productive, and that one-half thereof was in a high state of cultivation, and the residue was wood-land, covered by a fine growth of timber, and that there was an habitable building thereon; that, the mortgage aforesaid having but two months to run, deponent would have no trouble, and would be subjected to no delay in collecting the amount due thereon; and deponent further says that, relying upon such statements and representations, she did make the exchange by him proposed; and gave, granted and assigned to said defendant, all her right, title and interest in the printing establishment and furniture aforesaid, and took the mortgage in return; that the statements and representations aforesaid were false and fraudulent; that, in fact, as deponent subsequently ascertained, *there is no such person in existence as the one named as mortgagor in the instrument in question;* that the mortgagor, if such there was, had no title whatever to the property therein referred to; that the land was not worth $8,000, or any other sum, but was utterly valueless; that it was located on the summit of the Catskill mountains, and was not good and productive, nor was any portion thereof in any state of cultivation whatever, nor did any portion thereof consist of wood-land, covered by a fine growth of timber, nor was there a building of any kind whatever upon said lands; but the land was wild, rocky, devoid of vegetation of any description, and neither under, nor capable of cultivation; and deponent says that the printing establishment and furniture above mentioned was well worth the sum of $3,500 at the time of exchange aforesaid."

*Edward H. Hobbs,* for the appellant. In an action founded on the fraud of an individual, the guilty intent of the defendant must be shown. (*Lefler* v. *Field,* 52 N. Y., 621; *Marsh* v. *Falker,* 40 id., 562, *n; Hathaway* v. *Johnson,* 55 id., 93; *Atkins* v. *Elwell,* 45 id., 760; *Dubois* v. *Hermance,* 56 id., 673; *Birchell* v. *Strauss,* 28 Barb., 293; *People* v. *Kelly,* 35 id., 444.) It is well settled by the authorities that where fraudulent representations are alleged and relied upon as the grounds of the arrest, it must appear not only that the representations were false, but that they were known to be so by the party making them at the time they were made. (*Thorp* v. *Waddington,* 3 Daly, 275; *Smith* v. *Jones,* 4 Rob., 655; *Atkins* v. *Elwell,* 45 N. Y., 760.) The affidavits do not contain any allegation of defendant's knowledge of the falsity of the statements made by him, and they were not therefore sufficient to give the court jurisdiction to make the order.

*William G. Cooke,* for the respondent. Section 181 of the Code provides that an order of arrest may be made when it shall appear to the judge that a sufficient cause of action exists. This, it will be seen, can only appear from evidence — legal proof. In stating generally that the defendant falsely and fraudulently made representations which he knew to be untrue, the plaintiff merely gives his conclusions, and not the facts upon which they are based. Whereas, it is for the court, and not the party, to decide whether the facts proved to exist establish the fraud charged. (*O'Rielly* v. *Freel,* 37 How. Pr., 275; *Thorpe* v. *Waddington,* 3 Daly, 175; *Draper* v. *Beers,* 17 How. Pr., 163; *Meriden Iron Co.* v. *Bandman,* Daily Reg., July 24, 1876; Gen. Term, First Department.) A recovery can be had in this action upon proof of the facts set out in the affidavits. It is not necessary either to allege or prove that defendant knew his statements were untrue. By failing to deny the allegations contained in our affidavits, defendant admits them. (*Union Bank* v. *Mott,* 9 Abb., 106; *Wolfe* v. *Brouwer,* 5 Robt., 603.) The representations were positive, and imported full knowledge on defendant's part of the matters stated. Being false in fact, they are fraudulent in law, and he is responsible for the fraud whether or not he had any actual knowledge upon the

subject. (Story on Sales, § 165; 1 Story's Eq., § 193; *Bennett* v. *Judson*, 21 N. Y., 238; *Smith* v. *Richards*, 13 Pet., 26; *Ainslie* v. *Medlycott*, 9 Ves., 13, 21.)

BRADY, J.:

The representations made by the defendant were so minute, in relation to the mortgage and the land upon which it was a lien, as to clearly imply a knowledge by him of the facts stated, and, as it is conceded they were false, a fraud was committed.

The allegation in the plaintiff's affidavit is that they were false and fraudulent, and made to induce the plaintiff to make the exchange, which was accomplished by them. It is enough to cast upon a defendant the burden of misrepresentations, if it appear that he intended to convey the impression that he had actual knowledge of their truth when conscious that he had no such knowledge. If the defendant, in other words, knew the statements he made to be false, or he intended to convey the impression that he had actual knowledge of their truth, when conscious that he had not, and they are in fact false, he committed a fraud upon the plaintiff. The result is the same. The plaintiff is equally injured by the one or the other. The assumption of knowledge depends much upon, and is indicated by, the form of the representation. If it be affirmative in character, positive and unequivocal, without condition or qualification, as contradistinguished from information and belief, or resting in opinion, it must be regarded as designed to convey actual knowledge of its truth. The representations proved in this case are positive, unconditional and unequivocal. For example, that the mortgagor's title was perfect; that the land was good and productive; that one-half was in a high state of cultivation; that there was a habitable building thereon, etc. There is no belief expressed by the defendant in the existence of these things — no supposition, no statement on information or opinion. They are as already stated affirmative, positive. They were made for the purpose of inducing the plaintiff to make the exchange which was accomplished by them. The plaintiff does not state, it is true, that she was induced by them to part with her property, but she did transfer it after the representations which were made, as she alleges, to induce her to do so. If the defendant knew the

statements to be false, he is guilty of misrepresentation. If he assumed to know what he did not know, and by that device induced the plaintiff to part with her property, he was equally guilty. In this case, the defendant, at least, assumed to know what he did not know, viz., that what he stated was true, and he did it to induce the plaintiff to make the exchange which resulted from their negotiations. This is apparent from the allegations in the affidavit of the plaintiff, and is a conclusion drawn not by the plaintiff but by the judge therefrom. He finds the fact. In such a case, an order of arrest is a remedy to which a plaintiff is entitled. (*Bennett* v. *Judson*, 21 N. Y., 240; *Marsh* v. *Falker*, 40 id., 562; *Meyer* v. *Amidon*, 45 id., 169; *Oberlander* v. *Spiess*, id., 175.)

The order should, for these reasons, be affirmed, with ten dollars costs, and disbursements of this appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.