Dickman, J.
The original action was brought by the defendant in error, Charles Hess, in the Superior Court of Cincinnati, against Jacob Benninger, George F. Ireland, William F. Bailey, and James W. Gaff, as copartners under the firm name of Benninger, Ireland & Bailey, on a promissory note for $1500, bearing date July 5, 1877, payable in six months after date to the order of Charles Hess, signed “ Jacob Benninger,” and indorsed “ Benninger, Ireland & Bailey.” About the end of June, 1877, Benninger called at the house of Hess, and asked him if he had any money to spare, representing to him, in what may be treated as equivalent language, that his firm — then engaged in the business of pork packing in Cincinnati — was short of money, and had a note of $10,000 to pay that week. Hess replied that he had “ not exactly ” money to spare, but that he could let him have $1500 until Christmas. Accordingly, on July 2, 1877, Hess handed him $1000, and in a day or two thereafter $500 more. Upon receiving the money Benninger said “ he would fix up a note ” and “ bring it up from the pork house,” and thereupon went from the resi *66 dence of Hess directly to the pork house of Benninger, Ireland & Bailey, but did not bring the note to Hess until about two days afterwards. The note, described as above, was written at the pork house by one of the firm’s clerks, and the name of the firm and that of Benninger were attached thereto, at the same time, by Benninger himself, though that fact was not known to Hess. The petition, drawn in the usual form, was amended, so as to contain the allegation, “ that the note was given for money loaned the firm by the plaintiff.” It was put in issue, and contended by the defendants on the trial in the court below, that the note was indorsed by Benninger without the sanction or authority of his firm; that the endorsement was made outside the business of the firm, and without their knowledge or consent; that none of the proceeds of the note was applied to the business or use of the firm; and that the indorsement was wrongfully made by Benninger to and for his own individual use solely. In the Superior Court a verdict was returned for the plaintiff, and judgment was rendered accordingly. On petition in error in the District Court the case was reserved to this court for decision.1
Among the implied powers of a partner, one of the most important and necessary is, that of borrowing money on the credit of the firm. The members of a trading partnership could not meet the sudden exigencies of commerce if they did not possess this power. Accordingly, it is now well settled; that in ordinary commercial partnerships, each partner has the right to borrow money for partnership purposes, in the firm name, and when credit is thus extended to a partnership, it will bind all the partners notwithstanding any private arrangement among themselves, if such arrangement be not known to those giving the credit. The loan must be made in good faith, for the use of the firm, and if so made, a subsequent misapplication of the money to the individual use of the partner, will not deprive the lender of his remedy against the other members of the firm. Kleinhaus v. Generous, 25 Ohio St., 667. Nor will it be material in such case, that the other partners were not *67 informed of the transaction, and repudiated it as soon as it came to their knowledge. And, as in the case at bar, if a partner borrows money for the use of the partnership, his declarations made at the time of the transaction, will be competent to show that the act was done in behalf of the partnership, and if the credit was obtained on the faith of such declaration, the falsity of the representation will not be material.
If any agreement ever existed between the partners in the firm of Benninger, Ireland, and Bailey, as to a partition or distribution among themselves of duties and powers in the management of the partnership affairs, it is not claimed that any knowledge of such agreement was ever brought home to Hess. To him, one partner was clothed with as much authority, and was as much the financial agent of the concern, as another. Doubtless, as to him, Benninger was fully empowered to obtain the loan for and in behalf of the firm. He virtually represented to Hess, that he was acting for the partnership, and in our judgment, Hess honestly believed that he did so act. Under the charge of the court, in which we find no error, and upon the testimony as disclosed in the record, the jury must have believed, as indicated by their verdict, that credit was given in good faith to the firm by Hess, and that Benninger was acting in the usual course of business for the firm in obtaining the loan. Under such circumstances, the liability of the firm became fixed before the delivery of the note; and the note might have been discarded as the foundation of the action, and have been used in evidence in an action for money loaned. The note was given after the transaction was complete, and did not therefore from the form in which it was executed, tend to put the lender upon inquiry, or furnish ground to believe at the time of the loan, that the money was to be used for other than partnership purposes.
It will not be disputed, that if it appears on the face of the bill or note, that it was signed by a partner in the name of the firm as surety, this will be notice to the world that it was not given in due course of partnership business. Nor *68 will a different rule prevail although the fact that the firm is surety may not be written out in words, but simply inferred as a conclusion from the character of the note or the position of the names of the parties. But at the time Hess lo.aned the money, the note was not in existence, and could not have put him upon his guard, by indicating that Benninger had assumed to make his co-partners makers, with the obligation of sureties. The note not having been drawn and delivered until after the transaction was complete, the form of the instrument was only a circumstance for the consideration of the jury, in connection with what transpired at the time of the loan, in determining whether the lender then had notice, that the partner borrowed the money for his own private use. Certainly the lender was not to, lose his remedy,-because the borrowing partner chose to supplement the previous obligation and liability of the firm, by giving a note in which he may have transcended his power as an agent of his co-partners.
It is contended, however, that the verdict and judgment in this case are predicated upon a different .cause of action from that contained in the pleadings; that the liability sought to be enforced'was on a promissory note, while the cause of action proved was money loaned, or the consideration of the note.
By section 5294 of the Revised Statutes, “ No variance between the allegation in a pleading, and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits, and when it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled; and thereupon the court may order the pleading to be amended, upon such terms as are just.”
And by section 5295, of the Revised Statutes, “ When the variance is not material, the court may direct the fact to be found according to the evidence, and may order an immediate amendment without costs.”
It was not alleged or proved to the court, that Benninger, *69 Ireland & Bailey were misled in any respect by any variance between the pleading and proof of the plaintiff below. And in our opinion, whatever variance there may have been between the allegations in the petition and the proof, it did not mislead the defendants b.elow to their prejudice in maintaining their defense upon the merits, and therefore was not material. Not being material, the court might have directed the facts to be found according to the evidence, and have ordered an immediate amendment without costs. But the fact that the pleading under the circumstances was not amended to conform to the proof, does not constitute ground for the reversal of the judgment on error. Sibila v. Bahney, 34 Ohio St., 399.
As provided by section 5114 of the Revised Statutes, “ The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding * * * by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved/’
And by section 5115, of the Revised Statutes, “The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed, or affected, by reason of .such error or defect.”
These provisions are founded upon the principles of an enlightened justice. In Hoffman v. Gordon, 15 Ohio St., 211, the court say: “The evident object of the code is to vest in the court a discretion, where it can be done without surprise or injury, to try the case upon the evidence, outside of the pleadings, and if objection be made, to allow the pleadings to be conformed to the evidence at once and without terms.” Where a judgment has been rendered, and. there has been a variance between the pleading and the proof, but not such as to mislead the opposite party to his prejudice, and where there has been an omission in such case to conform the pleading to the facts proved, it will not *70 be in furtherance of justice, to deprive the plaintiff of the fruits of the trial, by a reversal of the judgment on error.
The foregoing sections of the Revised Statutes correspond literally with sections of the New York code in pari materia. In the case of Bennett v. Judson, 21 N. Y., 238, the court say: “ The allegation might have been made to conform to the proof, and where this might properly be done at the trial, it can be done even after judgment. This court in such cases never reverses a judgment, although the amendment has not been actually made.”
In our view, the record discloses no error that requires a reversal of the judgment of the court below. The judgment of the Superior Court is therefore affirmed.

Judgment accordingly.