CUNNINGHAM v. WATHEN et al.

(Supreme Court, Appellate Division, Second Department. February 19, 1897.)

1. ASSIGNMENT OF LEASE—FALSE REPRESENTATIONS AS TO TERM—RESCISSION.
    An attempt by an assignee of a lease to rescind one month after taking possession, for fraudulent representations as to the length of the term, was made within a reasonable time after discovering the fraud, though he was informed of the falsity of the representations soon after taking possession, if on subsequent inquiry he was told by the assignor that the representations were true, and the lease itself was not delivered to him.

2. SAME—LIABILITY OF ASSIGNORS FOR FRAUD OF AGENT.
    Joint lessees are liable for false representations as to the length of the term made by one of their number while acting as their agent in assigning the lease.

Appeal from court of common pleas, trial term.

Transferred from the First department.

Action by James A. Cunningham against Ernest J. Wathen and others. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Wm. G. McCrea, for appellants.
Edward W. S. Johnston, for respondent.

BRADLEY, J.   The purpose of the action, as treated upon the trial, was to rescind a contract by the terms of which the defendant Wathen, as the agent of the other defendants and in their names, sold to the plaintiff the lease, license, good will, and fixtures in a certain store used as a saloon, for the sum of $2,500.   The transaction of the purchase and sale was had by the plaintiff with the defendant Wathen, and the charge is that he falsely represented that the lease then had an unexpired term of four years, knowing it to be false, when in fact the unexpired term of the lease was less than two years.   The sale was made in August, 1893.   The plaintiff then paid $700, and gave a mortgage on the property to secure the payment of the residue, $1,800.   In September following, he surrendered to the defendants the keys and possession of the premises, and demanded the repayment to him of the amount he had paid upon the purchase.   The lease was an outstanding one, made by the owner of the building to a prior occupant, for five years from the 1st day of May, 1890, and the principal defendants had acquired the lease, good will, and fixtures some time before the sale to the plaintiff. Whether the alleged representations were made by defendant Wathen to the plaintiff was a controverted question of fact, and where the truth was on the subject in the conflicting evidence was for the jury to find.   Since the plaintiff recovered, it is reasonable to assume that the matter of time for which the lease remained effectual may have been an important fact bearing upon the question of value of the subject of the purchase.   The representation in that respect was not in the nature of opinion, or having relation to future results, but related to an existing fact, of which the plaintiff had no means of knowledge, as the lease was in the possession of the defendant, and not produced for inspection by the plaintiff.

At the close of the evidence, the defendants' motion to dismiss the complaint, made upon the ground that the plaintiff had failed to make out a cause of action, was denied; and the court submitted to the jury the question whether such false representations as to the unexpired term of the lease were made by the defendant Wathen to the plaintiff, whether they were material and relied upon by him as an inducement to the purchase, and, if so, whether the plaintiff promptly, on discovery of their falsity, proceeded to rescind the contract.   There was evidence tending to prove all the facts necessary to permit the jury to find for the plaintiff.   He had paid one month's rent of the premises, and the surrender of the possession of them at the time he delivered up the keys, and the repayment to him of the money paid on the purchase, would have placed the parties substantially in statu quo.   Whether the plaintiff did with reasonable promptness proceed to rescind after discovery of the alleged fraud was a question of much doubt upon the trial, as it appeared that he was informed by the agent of the landlord, shortly after he went into possession, that the lease had not four years to run.   But the evidence on the part of the plaintiff is that, when the attention of the

defendant Wathen was thereafter called to the subject, he asserted that the lease had yet four years to run, and that although he was requested to produce the lease, and deliver it to the plaintiff, he stated that it was in the safe, and for some reason did not furnish it to the plaintiff. On that state of facts, it cannot, as matter of law, be said that the plaintiff had information which required him to understand and believe that the defendant's statement so made and repeated, that the lease had four years more of life, was untrue.

For the purpose of the remedy, the defendants other than Wathen are responsible for the material representations made by him as their agent, and for the consequences of their falsity. Bennett v. Judson, 21 N. Y. 238. And the reason for the support of the action against the principals and agent jointly was in the fact that the action was founded in alleged fraud. This was the theory upon which the trial proceeded to the rendition of the verdict as the result. Although there may well have been much doubt on the trial as to what that should be, the evidence warranted the conclusion reached by the jury. It cannot here be seen that the verdict was against the weight of evidence. There was no error in the rulings at the trial.

The judgment and order should be affirmed. All concur.