LEWIS T. BRYANT, COMMISSIONER OF LABOR OF THE STATE OF NEW JERSEY, APPELLANT, v. N. Z. GRAVES COMPANY, DEFENDANT.

Submitted July 2, 1908—Decided November 9, 1908.

In the trial of an action to recover a penalty under section 26 of the act of 1904 (*Pamph. L., p.* 160), for obstructing and hindering the inspectors of the department of labor while in the performance of their duties, it appeared that two inspectors applied at the office of the defendant; that the door of the office was locked, but some-one within told them to go to the gateman; they went to the gate-man, told him who they were, handing him a card upon which was the official position of the one inspector and showed him the official badge. The gateman refused to admit them. *Held*, that from the testimony the jury might have inferred that the unexplained act of the gateman was the act of the defendant, and so raised a *prima facie* case to go to the jury, and that a nonsuit was error.

---

On appeal from the Camden District Court.

Before Justices REED, BERGEN and VOORHEES.

For the appellant, *Nelson B. Gaskill,* assistant attorney-general.

For the defendant, *John W. Wescott.*

The opinion of the court was delivered by

REED, J. This action was brought to recover the sum of fifty dollars ($50) for one penalty for violating section 26 of the act entitled "An act regulating the age and employment,

safety, health and work hours of persons, employes and operatives in factories, workshops, mills and all places where the manufacture of goods of any kind is carried on, and to establish a department for the enforcement thereof." *Pamph. L.* 1904, *p.* 160.

Section 45 of this act provides for the appointment of a commissioner, assistant commissioner and inspector of labor. These officers are empowered at all reasonable times to enter and inspect factories, mills, workshops and places where the manufacture of goods of any kind is carried on. Section 26 enacts that "No person shall interfere with, delay, obstruct or hinder by force, or otherwise, the commissioner or assistant commissioner or inspector in the performance of their duties."

The defendant, the N. Z. Graves Company, operate in Camden a factory known as the "Camden White Lead Works" wherein white lead is manufactured. On October 27th, 1907, Henry Kuehnle and Lewis Holler, both inspectors of the department of labor, went to the factory of the defendant for the purpose of making an inspection. They went first to the office. The door of the office was locked. These inspectors knocked repeatedly and a voice from the inside of the office said to them, "Go to the gateman; see the gateman outside." They went to the gateman, told him who they were, handing him a card upon which was the name of Holler with his official position thereon, and he showed the gateman his official badge. The gateman refused to admit the inspectors. This was the testimony upon the trial, and at the close of the commissioners' case the trial judge directed a verdict for the defendant.

We think this direction was erroneous. It is not denied that the inspectors were excluded from the defendant's factory, and that this exclusion obstructed and hindered the inspectors from the performance of their duty.

The substantial ground upon which the direction of the trial judge is defended is that it did not appear from the testimony that the gateman was the servant of the defendant when he refused admission to the inspectors, but, from the facts proved, we think the jury could have drawn the conclusion that the

gateman was the servant of the defendant. The inspectors went first to the appropriate place, the office of the company. They were directed by someone in the office to the gateman. They went to the gateman—so far as appears the only gateman. The fact that he was stationed at the gate was a fact from which the jury could have inferred that he was there as the servant of the company, stationed there to guard the gate and exercise his authority in admitting those who were entitled to enter, and excluding those who were disentitled to enter.

Nor is the inference that the act of the servant was the act of the master destroyed by the fact that the action is for a penalty.

In *Attorney-General* v. *Siddon,* 1 *Cromp. & J.* 219, the master was held liable for the fraudulent act of his servant committed in violation of the revenue laws. The court held that the action was a civil suit to recover penalties given by the statute. It was held that the acts committed by the servant raised an inference that he was acting for and with the assent of the master, but it was a privilege of the master to show the contrary.

In *Verona Central Cheese Co.* v. *Murlaugh,* 50 *N. Y.* 314, the defendants' servant prepared and delivered at the plaintiffs' factory skimmed milk in violation of the penal statute, and it was held that this raised a *prima facie* case against the master, which could be rebutted by him.

Among the cases cited in the opinion in this case are: *Locke* v. *Stearns,* 1 *Metc.* (*Mass.*) 560; *Commonwealth* v. *Nichols,* 10 *Id.* 259; *Bennett* v. *Judson,* 21 *N. Y.* 238.

In the present case the defendant, instead of producing evidence to repel the *prima facie* inference against him, remained silent.

The direction of a verdict for the defendant in these circumstances was error, and the judgment should be reversed.