### ABRAMOWITZ v. WISCH.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

APPEAL AND ERROR ☞1054(1)—PREJUDICIAL ERROR—ADMISSION OF IMMATERIAL EVIDENCE.

    The admission of totally immaterial evidence in trial by judge without a jury, it not appearing that no prejudice resulted, is reversible error.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4185; Dec. Dig. ☞1054(1).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Abramowitz against Benjamin Wisch. From a

---

judgment for defendant in Municipal Court, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Daniel Handler, of New York City, for appellant.

Samuel L. Orlinger, of Brooklyn, for respondent.

BIJUR, J. Plaintiff sues to recover $200, the amount of a deposit on a contract to purchase certain lots from defendant; he first having rescinded the contract for fraud. The fraud alleged is that defendant's agent took plaintiff to the property and indicated that the line of the lots began at a point 40 feet from a certain fence line, whereas the lots sold under the contract signed by the parties actually began 80 feet from the fence line, and that plaintiff was informed at the time he signed the contract that the lots therein described were the ones which had been pointed out to him. Plaintiff further testified that he is illiterate and could not read the contract. Defendant's witnesses deny plaintiff's story completely, and in addition an attorney testified that he had explained the contract to plaintiff at great length in German, with a map of the property before him giving distances and locations.

Were there no other elements in the case, it would have presented merely a question of fact. It appears, however, that at the close of plaintiff's case, defendant's chief point in his motion to dismiss was that the plaintiff had not shown that defendant had any knowledge of the deception practiced by his agent. The court denied the motion at that time "with the privilege to renew it at the end of the case." Thereupon defendant himself took the stand and disclaimed all knowledge of the misrepresentation alleged to have been made by his agent, and when objection was taken to this line of testimony, the court remarked, "Certainly he has a right to prove he didn't know it." It is manifest that we cannot tell whether the complaint was dismissed because the learned judge below believed the defendant's version of the transaction rather than plaintiff's or because he thought that, as matter of law, the undenied fact that defendant had no knowledge of the misrepresentation of his agent entitled him to judgment. Under the circumstances the judgment must be reversed because of the admission of this totally immaterial evidence. Respondent does not even attempt to justify its introduction, and appellant quite appropriately cites Bennett v. Judson, 21 N. Y. 238, and many other cases to the same effect. The weight given to this evidence by the trial court, as I have pointed out, cannot be determined by us.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.