DAVID E. MAIN, Respondent, v. THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 15, 1885.

1. RAILROADS—LEASE OF—LIABILITY UNDER SECTION 790, REVISED STATUTES OF MISSOURI.—Under section 790 (Rev. Stat. 1879), providing that "a corporation in this state leasing its road to a corporation of another state, shall remain liable as if it operated the road itself," the fact of the leasing must be alleged and proved in order to maintain suit for the negligence of the employes of the lessee against the lessor road.

2. NEGLIGENCE—SPEED OF TRAINS.—In the absence of evidence of a municipal regulation as to speed of trains, or of such regulation by statute, no rate of speed is negligence *per se*. *Powell v. R. R. Co.*, 76 Mo. 80; *Wallace v. R. R.*, 74 Mo. 594.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, J.

*Reversed.*

The facts sufficiently appear in the opinion of the court.

M. A. Low, for the appellant.

I. *Section 790* of the Revised Statutes of Missouri provides: "And a corporation of this state leasing its road to *a corporation of another state*, shall remain liable, as if it operated the road itself." There is no allegation, nor any showing that defendant has leased its road to any corporation, much less to a corporation of another state. When a party seeks to recover by virtue of a statute, he must state facts bringing his case within the purview of the statute.

II. The fact that the section foreman took charge of the dead animal and disposed of it, was not material to any issue in this case. His action was not competent to bind the defendant in any respect, as an admission.

III. The mere fact that a train was run through the sparsely populated part of a town at the speed of twenty miles an hour did not tend to show negligence. Aside from statutory or municipal regulation, no rate of speed is negligence *per se*. *Powell v. R. R.*, 76 Mo. 80; *Wallace v. R. R.*, 74 Mo. 594; *Goodwin v. R. R.*, 75 Mo. 73; *Lord v. C., R. I. & P. Ry. Co.*, not yet reported.

IV. Even though the speed of the train was, in itself, negligent, still there was no evidence that it caused the injury. There was no necessary connection between the rate of speed and the injury to the cow under the circumstances. *Powell v. R. R.*, 76 Mo. 82; *Lord v. R. R.*, *supra*.

No brief on file for respondent.

Opinion by ELLISON, J.

This action is based on a statement before a justice, of which the following is a literal copy:

"David E. Main,             }
        vs.                }
"Hannibal and St. Joseph Railroad Company. }

"Before B. J. Burke, justice of the peace in Lathrop township, Clinton county, Missouri.

"Plaintiff says defendants are a corporation duly incorporated by the laws of the state of Missouri, and doing business in the name and style of the Hannibal and St. Joseph Railroad Company, and the Chicago, Rock Island and Pacific, Railroad Company. Plaintiff says the agents and servants of the Chicago, Rock Island and Pacific Railroad Company, in or about the 15th of July, while in the employ of said lessees, and while running the lessees' engine and cars along the line of defendant's railroad track in the town of Lathrop, in Lathrop township, in Clinton county, Missouri, negligently run the said lessees' engine and cars over plaintiff's cow, crippling and maiming said cow by the said negligence of said lessees, to the damage of plaintiff in the sum of fifty dollars. Plaintiff says that said cow was injured by said lessees' engine and cars while being run by lessees' agents in Lathrop township, county and state aforesaid, on defendant's railroad track. Wherefore plaintiff prays judgment for fifty dollars damage, and for all proper relief."

It will be noticed the defendant is being sued for the negligence of the employes of the Chicago, Rock Island and Pacific railroad company. As this can only be done under section 790, Revised Statutes, 1879, there should have been some allegation that defendant had leased its road to that company. But if we concede there is alleged intelligible matter sufficient to constitute a cause of action, even before a magistrate, there is no proof whatever tending to support the statement. There is nothing in the evidence to bring this case within the provisions of section 790. The demurrer to the evidence should have been sustained. The proof falls short of a case against defendant. There was no evidence here of a municipal regulation as to speed of trains in the town of Lathrop. "Aside from statutory or municipal regulation no rate of speed is negligence *per se*." *Powell v. Ry. Co.*, 76 Mo. 80; *Wallace v. Ry. Co.*, 74 Mo. 594. There was no evidence that the cow was seen in time to have safely stopped the train, or that she was seen at all, or that from the situation of the track and surroundings she might

have been seen by those in charge of the train by proper care and watchfulness.

The injury happening within the limits of the town of Lathrop, under the statement and facts in this case, there is no presumption of negligence from the killing. *Wallace v. Ry. Co.*, *supra*. In the case of *Weymore v. Ry. Co.* (79 Mo. 247), although the killing was in a town, there was an allegation and proof of the lack of a fence where one might lawfully have been erected, thereby putting the case under section 2124, Revised Statutes, 1879. The case is barren of nearly every condition to a recovery on part of plaintiff, as established by repeated decisions of the supreme court of the state.

The judgment is reversed.   All concur.