Wilson v. The St. Louis, Iron Mountain & Southern Ry. Co.

WILSON v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Judgment, When a Bar: INJUNCTION.** While a cause of action, when prosecuted to a judgment, becomes merged in the judgment, and such judgment is a bar to a second prosecution of the same cause of action, yet it is competent for the parties to agree that such judgment may be set aside and enjoined, upon condition that it shall not affect the right of the plaintiff therein to prosecute a suit on his original cause of action, which formed the basis of the judgment.

2. The evidence in this case held sufficient to show that the original judgment in this cause had been set aside, upon condition that it should not be a bar to a second prosecution by plaintiff upon the same cause of action.

3. **Railroads: FAILURE TO MAINTAIN FENCES.** Where a railroad company knows, or by the exercise of reasonable diligence, might have known, of defects in its fences, required to be kept in repair, and fails to make the necessary repairs within a reasonable time after the acquisition of such knowledge, or after such knowledge should have been acquired, it is liable for damages resulting from such failure or neglect.

4. ——: ——: **KNOWLEDGE OF DEFECTS BY PLAINTIFF.** Plaintiff will not be precluded from recovery because of the fact that he knew of the defects in the company's fence, before the injury, and did not repair them.

*Appeal from Wayne Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

*Geo. H. Benton* for appellant.

(1) On the pleading, the judgment in this case should have been for defendant. *Cooksey v. Railroad Co.*, 74 Mo. 477; Freeman on Judgments, sec. 215.; *Blake v. Downey*, 51 Mo. 437. (2) The burden of proof to sustain the allegation of the replication was on

the plaintiff, and as there was no evidence at the trial to sustain the replication, the judgment should have been for the defendant. *Bank v. Burnam,* 61 Mo. 76; *Spurlock v. Railroad Co.,* 76 Mo. 67; *Childress v. Cutter,* 16 Mo. 24; *Brown v. Brown,* 45 Mo. 412; *Hamilton v. Mark,* 63 Mo. 167; *Henry v. Lowe,* 73 Mo. 96. (3) The court erred in refusing defendant's declarations of law. *Rutledge v. Railroad Co.,* 78 Mo. 289; *Clardy v. Railroad Co.,* 73 Mo. 576; *Case v. Railroad Co.,* 75 Mo. 668; *Berry v. Railroad Co.,* 65 Mo. 172; *Clark v. Railroad Co.,* 36 Mo. 202; *Price v. Railroad Co.,* 49 Mo. 438. (4) Section 809, Revised Statutes, is unconstitutional. It violates the provisions of the constitution of the state of Missouri. Article 2, sec. 20; also the provisions of article 2, sec. 8. It also violates the constitution of the United States. Article 14, sec. 1; Cooley Const. Lim. 573, and authorities cited; *Vanzant v. Waddell,* 2 Yerger, 260; *Lenz v. Choulton,* 23 Wis. 478; *Wynchamer v. People,* 13 N. Y. 432; *Gibson v. Mason,* 5 Nev. 302; *Gorman v. Pac. R. R.,* 26 Mo. 450; *Trice v. H. & St. J. R. R. Co.,* 49 Mo. 440; *Hudson v. St. L., K. C. & N. R. R. Co.,* 58 Mo. 536; *Seaton v. C., R. I. & P. R. R. Co.,* 55 Mo. 416; *Paris v. M., K. & T. R. R. Co.,* 63 Mo. 236. Because it is not an exercise of the police power. Judge Field in *Munn v. Illinois,* 94 U. S. 141; Const. 1875 (Mo.) sec. 5, art. 12; Cooley Const. Lim. (2 Ed.) 706; Const. 1875 (Mo.) sec. 14, art. 12; *State ex rel. v. Greer,* 78 Mo. 188; *State v. Noyes,* 47 Me. 211; *Commissioners v. Railroad,* 63 Me. 211; *Erie v. Erie Canal Co.,* 59 Pa. St. 174.

*J. N. Morrison* for respondent.

(1) Defendant alleged in its answer that there was "a judgment before a justice of the peace," etc., but did not say whether it was valid or void, or that it was duly

given. In pleading a judgment of a court that has not general jurisdiction, the pleader ought to state the facts that confer jurisdiction, but if he does not he must at least allege that the judgment was duly given. R. S., 1879, sec. 3551; *Wichersham v. Johnson et al.*, 51 Mo. 313. Defendant, in its answer, did not state either of these things. (2) The plaintiff should not be put upon his proofs to sustain the new matter set up in his replication, because said new matter was in response to an allegation in defendant's answer that was itself insufficient in law, as we have seen, in that it did not state sufficient facts to constitute a defence; and the said new matter set up was merely seeking to avoid that thing which is insufficient as and for a defence, and is simply surplusage in the replication. But the record of the judgment offered by the plaintiff was held sufficient to sustain the theory of the new matter of the replication. (3) The court properly refused defendant's declarations of law. *Williams v. H. & St. J. R. R. Co.*, 80 Mo. 597; *Gee v. St. L., I. M. & S. R. R. Co.*, 80 Mo. 283; *Clardy v. St. L., I. M. & S. R. R. Co.*, 73 Mo. 576; *Vineyard v. St. L., I. M. & S. R. R. Co.*, 80 Mo. 92; *Rutledge v. H. & St. J. R. R. Co.*, 78 Mo. 29.

NORTON, J.—This suit was instituted in the Wayne county circuit court on the thirteenth of August, 1881, to recover double damages under section 809, Revised Statutes, for the alleged killing of two hogs and injury to plaintiff's crops, by reason of defendant's failure to erect and maintain good and lawful fences along the sides of its road, where it passed through the cultivated field of plaintiff. The answer of defendant set up as a bar to plaintiff's action, that on or about the nineteenth of April, 1881, the plaintiff instituted a suit against defendant, before a justice of the peace in Benton township, county of Wayne, for the same cause of action

for which this suit is brought, and for the same property and items of damage for which this suit is brought, and a final judgment was rendered against defendant on the thirtieth of April, 1881, and that said judgment remains in full force and effect. To this answer plaintiff filed a replication admitting that plaintiff obtained a judgment before the justice of the peace on the same cause of action for which this suit is brought, but denying that said judgment remains in full force and unreversed, and averring that said judgment had, by agreement of the parties and judgment of the court, been perpetually enjoined, and that it was in said judgment agreed between plaintiff and defendant that plaintiff should not be prevented or precluded from pursuing his identical cause of action, upon which said enjoined judgment was founded.

A demurrer was interposed to the replication, which was overruled, and we think properly, inasmuch as the facts therein stated showed a distinct agreement that the enjoined judgment should not interfere with the right of plaintiff to prosecute his suit based on the same cause of action. While the rule is that a cause of action, when prosecuted to a judgment, becomes merged in the judgment, and such judgment is a bar to the prosecution of another for the same cause of action, it is, nevertheless, competent for the parties (as the replication in this case avers they did), to agree that such judgment may be set aside and enjoined on the condition that it shall not affect the right of plaintiff in such judgment to prosecute his suit on his original cause of action, which formed the basis of such judgments.

The evidence offered on the trial tended to show that the fences erected by defendant along the sides of its road, where it passed through plaintiff's field, had become so dilapidated and out of repair, that hogs and cattle passed through it into plaintiff's fields, of which defendant had knowledge, and that the fences had re-

mained so out of repair for a period of two or three months, and that plaintiff had been damaged by reason thereof to the extent of his claim.

The cause was tried by the court without the intervention of a jury, and the chief error assigned is the refusal of the court to give certain declarations of law asked by defendant, one of which was in the nature of a demurrer to the evidence. It is claimed that this instruction ought to have been given because plaintiff offered no evidence showing that the judgment set up in defendant's answer was not in full force. Waiving the question as to whether it was not the duty of defendant, who affirmed in the answer that said judgment was in full force, to prove it, if the averment was denied in the replication, we think the record shows that there was evidence on this point.

It appears, from the bill of exceptions, that after the demurrer to plaintiff's replication was overruled that the following was put in evidence :

"St. L., I. M. & S. Ry. Co.,
　　　　　v.
　　R. W. Wilson.

"INJUNCTION.

"Now, at this time come the parties, by their respective attorneys, and by agreement of parties it is considered and adjudged by the court that the injunction heretofore granted in this cause is made perpetual, and it is agreed by the parties that the plaintiff shall not, by this proceeding, be precluded or prevented from pursuing his cause of action in the cause against defendant, and that defendant pay the cost of this proceeding."

It is claimed by counsel for defendant that the above was put in evidence on the hearing of the demurrer to the replication. It does not so appear in the

bill of exceptions, and if it did so appear it would be a most remarkable proceeding for evidence to be introduced upon which to determine a demurrer. We must take it, therefore, as doubtless the trial court took it (it having been received without objection), as relating to the judgment referred to in the answer and replication, and viewing it in this light, it fully established the facts as stated in the replication. It was competent for the parties to agree as they did, that plaintiff's cause of action should not be barred by reason of the former judgment, which was enjoined, and in this respect the case loses its analogy to the case of *Cooksey v. Railroad Co.,* 74 Mo. 480, cited by defendant.

The other instructions asked and refused were properly refused, because they ignored the principle repeatedly announced by this court, that when a railroad knows, or might, by the exercise of reasonable diligence, have known of defects in fences required to be kept in repair, and fails to make the necessary repairs within a reasonable time after the acquisition of such knowledge, or after such knowledge should have been acquired, that it is liable for damages resulting from such failure or neglect. *Clardy v. Railroad Co.,* 73 Mo. 576. The instructions referred to not only ignored this principle, but they denied to plaintiff the right to recover if he knew of the defects in the fence and did not repair them; or, in other words, they negative the right of plaintiff to recover if he failed to perform a duty which the law did not impose upon him, but which it did impose on defendant. Judgment affirmed. All concur.