JAMES BROWN, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, October 24, 1887.**

1. NEGLIGENCE — SALT UPON RAILROAD TRACK — CASE ADJUDGED. Where the defendant railroad allowed quantities of salt to be deposited on and near its track, at or near its station, and allowed the same to remain after it knew the salt was there, or, by reasonable care and diligence, might have known it. *Held,* such evidence justified the court in submitting the question of negligence to the jury.

2. —— WHAT IS NOT CONTRIBUTORY NEGLIGENCE—CASE ADJUDGED. Where the evidence showed, as in this case, that plaintiff lived in the village where defendant's station was, and where said salt was on the track, and that he turned his horse out about a half-hour before it was killed, knowing the salt was upon the track,

and was attracting stock ; this was not contributory negligence in
plaintiff.   It was his legal right to turn his horse outside an enclos-
ure, and he ought not to be forced to lose the benefit of the com-
mons, because defendant fails of its duty.

3.  RAILROADS—LIABILITY, NOTWITHSTANDING LEASE—CONSTRUCTION
OF SECTION 790, REVISED STATUTES.—A railway company cannot,
by a lease, without the consent of the state, escape responsibility
for the acts of a lessee, and thus shift the burdens and responsi-
bilities it took upon itself by accepting a charter at the hands of
the state, or by organizing under the general law, but with such
consent may do so.   In this state such consent is given, but it is
also provided (Rev. Stat., sect. 790), that the lessor shall be and
remain liable for the acts of the lessee.

APPEAL from Clinton Circuit Court, HON. JAMES
M. SANDUSKY, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the
court.

THOMAS E. TURNEY, and STRONG & MOSMAN, for
the appellant.

I.   Defendant was not charged with having placed
the salt on the track.   It was not bound to suspect or
anticipate that a stranger would place it there.   There
is no evidence that defendant's servants knew that the
salt was on the track.   *Crafton v. Railroad,* 55 Mo. 580 ;
*Schooling v. Railroad,* 75 Mo. 518 ;   *Harlan v. Rail-
road,* 18 Mo. App. 483 ;   *Gilliland v. Railroad,* 19 Mo.
App. 411.   (1)   The court erred in giving the first in-
struction prayed by plaintiff.   Wood on Ry. Law,
1561, and cases cited ;   *Clardy v. Railroad,* 73 Mo. 576 ;
*Fitterling v. Railroad,* 79 Mo. 504 ;   *Case v. Railroad,*
75 Mo. 568.   This is not analogous to the rule requiring
fences to be kept in repair.   (2) The instruction fails
to tell the jury that plaintiff could not recover if his
own negligence contributed to the injury.   *McCormack
v. Railroad,* 47 Iowa, 345 ;   *Sullivan v. Railroad,* 88
Mo. 169.   The evidence clearly made out contributory

negligence of plaintiff. Plaintiff's own testimony proves it. *Gilson v. Railroad,* 76 Mo. 282 ; *Buesching v. Gas Co.,* 73 Mo. 219 ; *Milburn v. Railroad,* 86 Mo. 104. (3) The court erred in giving plaintiff's second instruction. It imposed the same degree of provision and care as a duty of defendant, as in cases for damage by reason of neglect of duties imposed by statute, and not growing out of its duties as a common carrier. This is not the law.

II.   The court erred in refusing defendant's instruction. There was no proof of negligence. *Railroad v. Kenney,* 41 Mo. 271 ; *Gormley v. Railroad,* — Mo. — ; *Judd v. Railroad,* 23 Mo. App. 56 ; *Buesching v. Gas Co., supra ; Goddard v. Railroad,* 54 Wis. 548.

III.   The plaintiff, according to his own testimony, was guilty of gross contributory negligence. Wood on Railways, 1555, and note ; *Nolan v. Shickle,* 69 Mo. 340 ; *Milburn v. Railroad,* 86 Mo. 104 ; *Knight v. Railroad,* 24 Ind. 402.

IV.   The evidence showed that the horse was killed by a train controlled by the Chicago, Rock Island & Pacific Railway Company, and not by defendant's train men. The action should have been brought under section 790, Revised Statutes. See *Main v. Railroad,* 18 Mo. App. 388.

V.   The motions for new trial and in arrest of judgment should have been sustained. *Main case, supra ;* Rev. Stat., sect. 790.

James M. Riley and Roland Hughes, for the respondent.

I.   The case of *Main v. Railroad,* relied on by appellant, is not an authority here, for two reasons. In that case the Hannibal & St. Joseph Railroad Company was sought to be made liable solely for the negligence of the employes of the Chicago, Rock Island & Pacific Railroad Company running a train on the Hannibal track. In the case at bar, it is the negligence of defendant that

furnishes the ground of recovery, in not removing the temptation to stock to congregate on the track. There is no evidence here of any dereliction of duty on the part of employes in charge of the Chicago, Rock Island & Pacific train. Whatever may be in pleadings, there is nothing in evidence and instruction on that point. Besides the *Main case (supra)*, is not law, and was ill considered. There was no brief in for respondent in that case, and no authority cited by appellant for the position assumed. And the case was decided on the assumption that, but for section 790, Revised Statutes, there could be no liability against the lessor of a railway for negligence of a lessee. Whereas, the reverse of that proposition is the law. Patterson's Railway Accident Law, p. 132, bk. 2, chap. 4, sect. 130, and authorities cited; 17 Wol. 445. This principle is. involved in *Speed v. Railroad* (71 Mo. 303).

II.  The case of *Sullivan v. Railroad* (80 Mo. 169), only decides that when the pleadings raise the issue of contributory negligence, it is error to submit case on instructions which do not confine plaintiff's right of recovery to a state of facts which show him to be free from any negligence contributing to the injury. But the pleadings in this case do not raise the issue of contributory negligence, and will not justify an instruction on that point unless the plaintiff's own evidence shows his contributory negligence, in which case it was the duty of defendant to ask the instruction, and, failing to do so, he cannot now be heard to complain on that ground.

III.  The plaintiff was not guilty of contributory negligence. *Milburn v. Railroad*, 86 Mo. 104. While this case is cited by appellant, it is an authority against it.  Nor is the case of *Nolan v. Shickle* (69 Mo. 340), an authority in its favor. *Crafton v. Railroad*, 55 Mo. 580; *Donovan v. Railroad*, 89 Mo. 147. It was negligence to leave salt on the track. *Schooling v. Railroad*, 75 Mo. 518. It was only necessary to show that it was.

there in such quantities, and under such circumstances, and for such a length of time, as that they must have known of its presence by the exercise of ordinary diligence. *Crane v. Railroad,* 87 Mo. 588.

Ellison, J.—This action is for single damages for killing plaintiff's horse in the village of Turney. Plaintiff recovered and defendant appeals.

I.    The negligence charged and relied upon is, that defendant allowed quantities of salt to be deposited on and near its track, at or near the station, and allowed the same to remain so deposited after it knew the salt was there, or, by reasonable care and diligence, might have known it; that, by reason of this alleged negligence, plaintiff's horse was attracted on the track of defendant's railway and killed. The answer was a general denial. At the close of plaintiff's case defendant offered a demurrer to the testimony, which was refused by the court.

The defence urged before us is, that the evidence fails to show negligence on the part of defendant, and that it does show contributory negligence on part of plaintiff.

The evidence fails to disclose how or when the salt got upon the track, or who put it there. It does show, however, that the salt was on the track "at the edge of the depot platform;" that the horse was killed about eight o'clock in the evening, and that the salt was seen on the track as early as ten o'clock on the morning of the day before; the salt was on the ends of the ties and scattered between them; horses had been seen at this salt the afternoon of the accident; the section men loaded and unloaded their tools about a quarter of a mile south of the depot, and they worked both north and south of the depot; they were seen to pass over the track where the salt was, on the day the horse was killed. The evidence further showed it to be the duty of the section men to keep the track clear of anything which would attract stock.

Defendant introduced no testimony, and the court gave for plaintiff an instruction submitting the question, whether defendant knew of the salt being on the track, "and failed, within a reasonable time thereafter, to remove the same, or believe that such salt had been there for such a length of time that the defendant, in the exercise of ordinary care, ought to have known of its presence on the track, and failed, within a reasonable time thereafter, to remove the same."

Believing the evidence justified the court in submitting the question to the jury as presented in this instruction, it follows that defendant's demurrer was properly refused. The fact that the salt was seen on the track the day before the accident; that it was at the depot where defendant's agent or other employes are in attendance; that stock had been seen at this salt, and that defendant's section men passed over it; that others saw salt at this place and could discover where stock had been licking it, was evidence justifying the instruction given by the court.

II. Defendant contends there was contributory negligence in the case, as the evidence showed plaintiff lived in the village, and that he turned his horse out about "a half-hour before he was killed," knowing the salt was upon the track and was attracting stock. I am of the opinion this was not contributory negligence in plaintiff. It was his legal right and privilege to turn his horse outside an enclosure. He ought not to be forced to lose the benefit of the commons because defendant fails of its duty. Can a whole neighborhood or section of country be deprived of pasturage for no other reason than that a railway company has been negligent in the care of its track? It is well known that, though a railway fence in an enclosed field is out of repair, the owner of the field may yet recover for killing his stock, although he knew of the defective fence. *Wilson v. Railroad*, 87 Mo. 431.

III. We are not advised by this record whether

there was a *lease* made by defendant to another company, or by what right the train of another company was on defendant's road, but since the evidence showed the horse was killed by a train belonging to, and being operated by, another company over defendant's line, it is contended that defendant is not liable, and the case of *Main v. Railroad* (18 Mo. App. 388), is cited in support of this contention. That case is no authority for such contention. Respondent's counsel, fearing that case would be regarded by us as decisive of this, undertakes to combat it. That case was correctly decided. A railway company cannot, by a lease, without the consent of the state, escape responsibility for the acts of a lessee and thus shift the burdens and responsibilities it took upon itself by accepting a charter at the hands of the state, or by organizing under the general law. *Freeman v. Railroad*, 28 Minn. 443; *Nelson v. Railroad*, 26 Vermont, 717; *Thomas v. Railroad*, 101 U. S. 71; *The York and Maryland Line Railroad Co. v. Winans*, 17 How. 30; *Black v. Canal Co.*, 22 N. J. Eq. 130. But *with such consent* it may undoubtedly do so. *Freeman v. Railroad, supra; Mahony v. Railroad*, 63 Maine, 68. In this state such consent is given by section 790, Revised Statutes, and if this was all, a lessor would not be liable for acts of a lessee, but it is therein provided that the lessor shall be and remain liable for the acts of the lessee. Under such circumstances we remarked in the *Main case*, that a lessor would not be liable for the acts of a lessee, except by virtue of this statute, and ruled that, when a lessor is being sued for acts of the lessee, there should be some allegation as to the lease, but did not say or decide that the statute itself should be pleaded. But that case is wholly unlike this. In that case, the effort was to make the defendant liable for the negligence of a lessee. In this case, it is for defendant's own negligence in permitting salt to remain upon its track which attracted stock; causing it to be killed by passing trains.

Whether the trains belonged to this defendant or some other corporation can make no difference.

The judgment is affirmed. Hall, J., concurs ; Philips, P. J., concurs in a separate opinion.

PHILIPS, P. J., CONCURRING.—I concur in the result of the foregoing opinion, as I do not wish to be understood as approving so much of the opinion in *Main v. Railroad* (18 Mo. App. 390), as contains the language :   " As this can only be done under section 790, Revised Statutes, 1879." The right to maintain such action was not conferred by said section. It existed by virtue of the general statute respecting railroad corporations. And while section 790 authorizes the lease, it at the same time continues the antecedent liability of the lessor, the same as if the section authorizing the lease had never been enacted. So that, while the pleader might be required to aver the existence of the lease, he ought not to be required to plead the statute as conferring the right of action.