THOMAS W. McCOY, Respondent, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 20, 1888, and May 20, 1889.

1. **Railroads**: LIABILITY OF LESSEE FOR TORTS OF LESSOR: PRINCIPAL AND AGENT: STATUTE CONSTRUED: PLEADING: ALLEGATA ET PROBATA. In this state, the lessee of a railroad who takes by permission of the statute authorizing the lease, but with the express reservation that the lessor shall not escape any of the responsibilities it owes the public, is, so far as the public is concerned, the mere agent of the lessor, and in an action against the lessor for the act of the lessee, the petition, pleading the fact according to its legal effect, may charge the act to have been committed by the defendant corporation, and the fact that it turns out in proof to have been committed by defendant's lessee will not affect the right of recovery.

2. **Evidence**: ADMISSIBILITY OF, TO IDENTIFY ENGINE AND TO SHOW DEFECTIVE CONSTRUCTION. Although a witness may not be able to identify an engine by its number but does know something of the engine that makes the usual daily runs between given points with a given train, it is not error to permit him to identify it in any way he can and give evidence tending to show the defective construction of what he had good reason to suppose to be the engine in controversy, especially so long as the court is unapprised that the engine alleged to have caused the fire in controversy was not the one which made the usual daily runs between those points; and having failed in its objection to the admission of such evidence, to apprise the court of its own evidence of a substituted engine, defendant's only remedy was to ask a proper instruction limiting the consideration and application of such evidence

*On rehearing.*

**Railroads:** LICENSER AND LICENSEE : FORMER CAN NOT SHIFT ITS BURDENS. Although there may be, as in this case, neither allegation nor proof of the relation of lessor and lessee, yet it does appear that the C., B. & Q. Company had for a considerable period of time been regularly operating its trains and engines over defendant's road with its consent and the two companies must then have, at least, borne the relation of licenser and licensee, and, since the defendant has received its charter from the state and by its acceptance has taken upon itself burdens and responsibilities which it can not shift without the state's consent, it is responsible for the negligence of another, exercising its franchise with its permission, and whether such permission be by lease or license, makes no difference.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

Statement by the court.

This action is based on a petition containing two counts, the first charging that defendant negligently caused and permitted fire to escape from one of its locomotive engines which was communicated to and destroyed plaintiff's hay and grass.

The second count is for the same loss, but charges that the Chicago, Burlington and Quincy Railroad Company by virtue of a lease from the defendant was operating its trains and engines over defendant's road and that said Chicago, Burlington and Quincy Railroad Company, while so operating its trains over defendant's road, negligently permitted fire to escape from one of its engines, etc.

There was no evidence that the fire escaped from defendant's engine but the testimony did tend to show that it escaped from the engine of the Chicago, Burlington and Quincy Company. There was no evidence of a lease or any other contractual relation between

McCoy v. The K. C., St. J. & C. B. Ry. Co.

these two companies and therefore nothing to sustain the second count and the court so instructed the jury.

Notwithstanding this state of the evidence the court submitted, under the first count, the hypotheses of defendant's servants and engines communicating the fire, and also instructed that defendant was liable under the first count, if it permitted or consented to any other company or person running or operating an engine over defendant's road from which fire was negligently permitted to escape.

As the trial court has instructed that there was no evidence sustaining the second count, we will leave it out of consideration in determining the cause. This leaves the case standing on the first count, which, as has been said, charges that the defendant negligently permitted fire to escape from one of its own engines; while the evidence was that the fire was caused by the negligence of the servants of the Chicago, Burlington and Quincy in permitting fire to escape from one of its engines, and that the latter company was and had for a long time been operating its trains over defendant's road, but whether by mere license or by lease does not appear.

At the trial plaintiff offered in evidence the deposition of one William Broderick—in which among others, appeared this interrogatory:

"Q. Did you ever see the freight engine, that usually ran over the road daily between Bigelow and Rule, throw fire before this date?

"A. I have. Can't say how long before that time. Pretty near every time the engine came off the 'wye' heavily loaded, it threw fire."

Defendant objected to the reading of this interrogatory for the reason that the same was leading, irrelevant, immaterial and incompetent. The court overruled the objection, and permitted the interrogatory and answer to be read in evidence to which defendant excepted.

*Huston & Parrish*, for the appellant.

(1) The demurrer to the evidence ought to have been sustained. (*a*) Because the undisputed evidence shows that the fire was set out (if set out by either) by the Chicago, Burlington and Quincy Railroad Company, and not by the defendant, and the respondent wholly failed to show any relation existing between the defendant and said Chicago, Burlington and Quincy Railroad Company that would render the defendant liable for any damage done the plaintiff by said company. The statutes of 1879—amended in an unimportant matter, so far as this case is concerned, by the Acts of 1881—makes provisions by which one company may lease its road to another company, to be operated by the lessee, and provides that corporations of this state, leasing its road to a corporation of another state, " shall remain liable as if it operated the road itself." 1 Stat. 1879, p. 135, 790 ; Acts, 1881, p. 77. If the defendant would not be liable for the acts of the Chicago, Burlington and Quincy Railroad Company at common law, then, if liable at all, it must be made so by statute. Under the statute the defendant is not liable in this case for the acts of the Chicago, Burlington and Quincy Railroad Company, because the relation of lessor and lessee does not exist. The legislature having had the matter of liability of one railroad company for the acts of another under consideration, and having provided in what cases such liability will attach, must be presumed to have had in contemplation the whole matter, and everything not named must be excluded. *Matthews v. Skinner*, 62 Mo. 329–34 ; *McGuire v. Sav. Inst.*, 62 Mo. 344–46 ; *Ex parte Snyder*, 64 Mo. 58–61. Under the evidence in this case the defendant is not responsible for any damage done the plaintiff by the Chicago, Burlington and Quincy Railroad Company at common law. *First.* There is no evidence that said company was running over defendant's road with its knowledge or license. *Second.* That if

said company was running over defendant's road with its license, then the evidence failed to show that the damage complained of was the result of any wrongful act of the defendant in giving the license, but was the result of the wrongful act of the Chicago, Burlington and Quincy Railroad Company in passing over the road. *Hughes v. Railroad*, 66 Mo. 325 ; *Fish v. Dodge*, 4 Denio, 311–16–17 ; *Dichett v. Duyvial*, 67 N. Y. 425. So far as this case is concerned the defendant stands on the same footing as a natural person, and if the defendant gave a license to the Chicago, Burlington and Quincy Railroad Company to run its trains over defendant's road, without a knowledge that such use of said road would prove a nuisance, it would not be liable. *Fish v. Dodge*, 4 Denio, 317 ; *Swords v. Edgar*, 59 N. Y. 28–34–35 ; *Rich v. Basterfield*, 4 Man. Gr. & Scott, 783 ; *Miller v. Staples*, 37 Iowa, 532 ; *Radclif v. Mayor*, 4 N. Y. (4 Const.) 195–200 ; *Hughes v. Railroad*, 66 Mo. 325, *supra*, and authorities above cited. (*b*) The demurrer ought to have been sustained, because the plaintiff abandoned the causes of action stated in both counts of his petition, and was permitted to recover on an entirely different state of facts than those stated in either count. That is, in the first count it is charged that the defendant was operating the road and set the fire. In the second count it is charged that the Chicago, Burlington and Quincy Railroad Company was operating the road under lease from the defendant and set the fire, and the plaintiff was permitted to recover on the theory that if any company or persons, not operating the road, ran over and along the same by the license of the defendant, and set the fire, the defendant was liable. These facts were not stated as plaintiff's cause of action, and it was manifest error in the court to permit him to recover upon them. *Lennox v. Harrison*, 88 Mo. 491–95 ; *Bulline v. Smith*, 73 Mo. 151–59–62, and authorities cited ; *Price v. Railroad*, 72 Mo. 414 ; *Bank v.*

*Armstrong*, 62 Mo. 59, and cases cited ; *Wolnier v. Railroad*, 71 Mo. 514 ; *Edens v. Railroad*, 72 Mo. 212 ; *Light v. Railroad*, 89 Mo. 106 : *Kenney v. Railroad*, 70 Mo. 252 ; *Ely v. Railroad*, 77 Mo. 34 ; *Abbott v. Railroad*, 70 Mo. 668 ; *Fuller v. Edwards*, 18 Mo. App. 677 ; *Scott v. Robards*, 67 Mo. 289–92–93 ; *Smith v. Railroad*, 37 Mo. 287–93. If the theory upon which the plaintiff tried his case is the correct one, then it follows as a necessary consequence, that the plaintiff can not recover under the pleadings in this case, as the defendant's negligence did not consist in the use of a defective engine by the Chicago. Burlington and Quincy Railroad Company, nor in the negligent manner in which it was operated by it, but goes further back, and would consist in granting the license to said company to run over its road. The defendant had nothing to do with the machinery nor the operation of it. The plaintiff having based his action on the failure of the defendant to observe a particular duty, he must state in his petition concisely the facts giving rise to such duty or liability. *Field v. Railroad*, 76 Mo. 614–16; Moke's Van Sanfoord's Plead. (3 Ed.) 219 ; *Buffalo v. Holliway*, 7 N. Y. 493 ; *Lease v. White*, 15 Iowa, 187 ; *Nickerson v. Hydraulic Co.*, 46 Conn. 24. (2) The court erred in permitting the plaintiff to read that part of witness Broderick's deposition, in which he testified that he had seen the engine that usually ran between Bigelow and Napier throw fire before the date of the fire in proof. Such proof might be true, and yet it is no evidence that the engine, that was shown on the trial to have passed over the road the day of the fire, was the engine testified of by the witness, and is therefore no evidence that the engine in proof was not in good order and repair on the day of the fire, or that it was carelessly managed, etc. *Coale v. Railroad*, 60 Mo. 227–32 ; *Kenny v. Railroad*, 70 Mo. 244 ; *Patton v. Railroad*, 87 Mo. 117–22 ; *Gibbons v. Railroad*, 58 Wis. 335.

*Ramey & Brown* with *L. R. Knowles*, for respondent.

(1) Upon the count in the petition alleging negligence in appellant in permitting fire to escape from its engine the respondent can recover upon proof that the damage resulted from fire which escaped through the negligence of the employes of the Chicago, Burlington and Quincy Railroad Company, from an engine of that company while the same was running over appellant's road, with the oral permission of the agents or officers of appellant. *Singleton v. Railroad*, 70 Ga. 464, *Railroad v. Whipple*, 22 Ill. 105 ; *Railroad v. Dunbar*, 20 Ill. 623 ; *Railroad v. Barron*, 5 Wall. 90 ; *Railroad v. Brown*, 17 Wall. 445 ; *Railroad v. Winans*, 17 How. 31 ; *Railroad v. Campbell*, 86 Ill. 443 ; *Freeman v. Railroad*, 7 Am. & Eng. R. R. Cases, 410, and elaborate note to last-named case, citing many authorities. (2) All objections, made by appellant to the instructions in this case, are met and answered in the following case : *Wise v. Railroad*, 85 Mo. 178. (3) One of the questions raised by the pleadings, and tried in this case, was as to the construction of engine 193, with reference to its liability to throw fire from its smoke-stack. Several witnesses testified that it had thrown out fire to a considerable extent up to and including the day of the fire in controversy. The witness, William Broderick, did not know the engine, and to identify the same was asked about the engine that generally pulled the train to which 193 was attached the day of the fire in controversy. It could be so identified as well as by its number, and the question as to whether or not it was so identified, was one for the jury, or, if there was no evidence tending to show that 193 was the engine that usually pulled this train, the appellant should have asked the court to so instruct the jury. As to this class of evidence, see *Railroad v. Richardson*, 1 Otto, 454.

ELLISON, J.—1.   We do not consent to the proposition, so ably argued by appellant's counsel, that the plaintiff can not recover in this action because the petition did not "allege the lease, and that the act was done by the lessee."   The law is well settled that the lessor is as much bound for the loss in such case as the lessee, even though the engine doing the injury belonged to the lessee and was being operated by its immediate servants.   The action in the latter case may be brought directly against the lessor, and the act charged in the petition as the act of the lessor, the original owner of the road.   The lessee, in this state, who takes by permission of the statute authorizing the lease, but with the express reservation that the lessor shall not escape any of the responsibilities it owes to the public, is, so far as the public is concerned, the mere agent of the lessor.   In an action against the principal for the act of his agent, and against the master for the act of his servant, the petition charges the act to have been committed by the principal or the master, without naming the agent or servant; and proof that the act was committed by the agent or servant supports the allegation. Bliss Code Pl., sec. 158 ; *Bennett v. Judson*, 21 N. Y. 238.   In such case the fact is pleaded according to its legal effect.

So it will be found, in the instance precisely of such actions as the one under consideration, the petition charges the act as having been committed by the defendant corporation, and the fact that it turns out in proof that it was committed by an engine under the control of a lessee of the defendant does not affect the right of recovery.   There is, in such case, a legal connection between the *allegata* and *probata*.

In *Stearns v. Railroad*, 46 Mo. 95, the action was to recover for damages occasioned to plaintiff's property by reason of the negligent escape of fire from an engine.   The declaration expressly charged that the

property in question was "wholly destroyed by fire communicated by a locomotive engine *of the said railroad corporation.*"

The evidence showed that the defendant had leased its said road long prior to the fire, and had ceased to run any cars thereon, that the engine which did the damage was under the control and management of the lessee. This, it was held, constituted no defense, and the plaintiff recovered. The court says: "The lessees may maintain and operate the road. They may have the whole control and management of it, but the lessors can not thereby be exonerated for any neglect of duty or liability imposed upon them by law." The court further says: "The engine, therefore, by which the fire complained of was set, was the engine of the defendant, within the meaning of the statute upon which the liability of the defendant depends." See also *Abbott v. Railroad*, 80 N. Y. 27; *East St. L. & C. Railroad v. Gerber*, 82 Ill 632. In *Freeman v. Railroad*, 27 Minn. 443, the petition alleged the act as having been occasioned "*by the negligence of defendant.*" The defense was that defendant was not operating the road, and put in evidence a lease for 999 years to the company operating it.

The trial court told the jury that the company actually operating the road was liable, but did not say that exonerated the defendant. Plaintiff had judgment, which the supreme court affirmed.

In *Nelson v. Railroad*, 26 Vt. 717, the action was trespass for killing plaintiff's cow "alleged to have happened *by the neglect and refusal of the defendant* to erect a fence upon the side of their road." The evidence showed that the defendant had transferred its property by lease to another railroad company, which was operating the road, and actually did the injury to plaintiff. It was held that the lessor was liable in that form of action. REDFIELD, Ch. J., said: "The lessors

must, at all events, be held responsible for just what they expected the lessees to do, and probably for all which they do, as their general agents. For the public can only look to that corporation to whom they have delegated this portion of public service. Certainly they are not bound to look beyond them, although they doubtless may do so. The lessors should see to it, that their road is properly fenced, before they suffer it to be run by others."

The same rule is observed in *Railroad v. Barron*, 5 Wall, 90. The action was brought against the Illinois Central Railroad Company "for the death of a passenger killed by *its* negligence." Yet the plaintiff was permitted to recover, although the evidence showed that the injury was inflicted by the lessee of defendant. The court says: "The question is not whether the Michigan company is responsible, but whether the defendant, by giving to that company the privilege of using that road, have thereby, in the given case, relieved themselves from responsibility? The question has been settled, and we think rightly, in the courts in Illinois holding the owner of the road liable."

In *Gates et al. v. Watson*, 54 Mo. 585, our supreme court recognizes the principle that a pleader is not required to set out the evidence by which he expects to recover, but it is sufficient to plead the fact according to its legal effect. The defendants were sued on a contract as for goods sold and delivered. There was no averment of a partnership between defendants and a third party not made a defendant. When plaintiffs sought by the evidence to bind the defendants as partners, it was objected that no partnership was averred in the petition. The trial court sustained the objection. The supreme court, through VORIES, J., held that the petition might properly aver that the contract sued on is the contract of defendants; "and to prove this averment he may show that the contract was made by the parties sued through an agent authorized to make it for

the defendants, or what is the same thing, he may show that the defendants and another were partners, and that the contract was made by such partner for the benefit of the firm in the usual course of their business. A party is not bound in his pleadings to set forth the evidence by which he proposes to make out his case."

II.   One of the questions raised by the pleadings and tried in the case was the construction of the engine from which the fire was thrown with reference to its liability to throw fire from its smoke-stack.   It appears the witness, William Broderick, did not know the number of the engine, and could not identify it as railroad employes usually identify them.   Yet it does appear that he had some knowledge of the engine that usually pulled the train which ran between Bigelow and Rule, the same train which engine 193 was pulling on the day the fire occurred.   The witness, in other parts of his deposition, stated the extent of his knowledge touching the identity of the engine.   He was the second witness introduced and the record does not show that at the time his deposition was read anything had been developed in the evidence which would apprise either the court or plaintiff's counsel that the engine in controversy was not the one which had made the usual daily run between those points   The objections made by counsel for defendant did not apprise the court of the fact afterwards developed in defendant's evidence, that another engine had been substituted in lieu of number 193 and had made usual daily runs when 193 was supposed to have been running   Under these circumstances it was not error to permit Broderick to identify it in any way he could, and give evidence tending to show the defective construction of what he had good reason to suppose to be the engine in controversy.   Had defendant's counsel stated to the court, at the time of making their objection, that they could and would show that engine 193 had been laid off and another substituted for it in

the usual runs at place and time spoken of by the witness, then it would have been improper to admit the interrogatory objected to until defendant had failed to show the fact which rendered it inadmissible. It is often the case that a plaintiff is unable to identify an engine by number or as exactly as can be done by servants in charge of it. Having failed to specify the reason why such evidence was inadmissible, defendant's only remedy would have been, after the introduction of their evidence showing that a different engine usually made the run, at the time spoken of by Broderick, to have asked a proper instruction limiting the consideration of such evidence to such only as applied to engine 193. It is undoubtedly true that in the trial of such cases as this the evidence should not knowingly be admitted covering other engines than the one complained of. What is said applies with equal force to other features of the evidence objected to. We discover no objection to the instructions. They are in harmony with the law as declared by the supreme court of this sta'e in similar cases.

We are of the opinion that the record shows no reversible error. The judgment of the lower court is, therefore, affirmed.

ELLISON, J., on rehearing.

A rehearing was granted in this cause and the only point we care to notice is the objection taken to the original opinion in treating the case as one of lessor and lessee, when there is neither allegation nor proof of a lease, or that the defendant and the Chicago, Burlington and Quincy Company occupied the relation of lessor and lessee. The criticism is perhaps just.

There was nothing in the allegations in the first count, upon which the case stood, or in the testimony, alleging or showing the relationship the railroad companies bore to each other. It did appear, however, that

the Chicago, Burlington and Quincy Company had been, for a considerable period of time, regularly operating its trains and engines over defendant's road with defendant's consent. The two companies must then have, at least, borne the relation of licenser and licensee, and the company doing this injury must, at least, have been operating the defendant's road by the license of defendant.

The question then is, Is a licenser railway company liable for the negligence of the licensee company in operating its trains? We answer in the affirmative. We have been cited to a number of cases between individuals where such liability is held not to exist; but it only needs the suggestion to show that such cases have no application to a railroad corporation which has received its charter from the state and by the acceptance of such charter has taken upon itself burdens and responsibilities which it can not shift without the consent of the state. *Brown v. Railroad*, 27 Mo. App. 394. If such company permits another to exercise its franchise, it is responsible for the negligence of that other. Whether this permission be by lease or license, can certainly make no difference. By accepting a charter at the hands of the public, a railroad company becomes responsible for the exercise of the franchise which has been granted it, and it can not, of its own volition, escape such responsibility by permitting others to exercise the right. It is held in *Macon & Augusta Railroad v. Mays*, 49 Georgia, that if a railroad company permits other companies or persons to exercise the franchise of running cars drawn by steam over its road, the company owning the road, and to which the law has entrusted the franchise, is liable for any injury done, as though the company owning the road were itself running the cars.

As has been stated, there is no allegation in the petition as to a lease or license; the injury or negligence

is declared to have been committed by defendant. We are of opinion that such allegation of lease, or of license, is not essential, and that the statement in *Main v. Railroad*, 18 Mo. App. 388 (cited also in *Brown v. Railroad*, 27 Mo. App. *supra*), that it is a necessary allegation, is not in accord with the authorities as they are referred to in the original opinion in this cause. With the concurrence of the other judges, the judgment is affirmed.