J. R. PRICE, Respondent, v. J. F. BARNARD, Receiver, Appellant.

Kansas City Court of Appeals, March 23, 1896.

1. **Trial Practice**: EVIDENCE: RECEIVER: DEMURRER. Though a demurrer may be well taken when presented, yet the defendant waives such advantage by introducing evidence himself, especially where such evidence tends to establish the fact to which the demurrer calls attention; and the evidence in this case was sufficient to send the question of receivership to the jury.

2. **Railroad**: KILLING STOCK: LICENSE. A licensor of a railroad is liable for the unlawful killing of stock by the licensees while operating its trains thereon.

3. ———: DEFECTIVE FENCE: NOTICE: COLLISION. The evidence in this case is held sufficient to send to the jury the question of notice of the defective fence and the question of collision.

4. ———: KILLING STOCK: DEMURRER. Upon the evidence in this case it was error to peremptorily instruct the jury to find for the plaintiff.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*Ed. E. Aleshire* for appellant.

(1) The court should have given defendant's instruction number 2, in the nature of a demurrer to the evidence, because upon the record, as shown by the amended petition, plaintiff was not entitled to recover; and, for reasons hereafter stated, defendant's instruction number 3 should have been given, because if the animals in question were not struck by defend-

ant's agents and servants no recovery could be had. (2) The court erred in giving plaintiff's instruction, which was the only one given. The jury are triers of the facts in the case, and defendant's instruction number 3 should have been given. *Vaughan v. Railroad*, 34 Mo. App. 141; *Gilbert v. Railroad*, 23 Mo. App. 65; *Gregory v. Chambers*, 78 Mo. 298; *Wolff v. Campbell*, 110 Mo. 114. (3) The above instruction should not have been given, for another reason. No issue was presented to the jury as to whether or not defendant's fence along its right of way was in bad condition. *Morris v. Railroad*, 79 Mo. 367; *Dooley v. Railroad*, 36 Mo. App. 381.

*Jno. C. Leopard* and *Alexander & Richardson* for respondent.

(1) There was no issue of fact to submit to the jury. The testimony shows that the fence was not such as the law requires, and there is no testimony to the contrary. *Foster v. Railroad*, 44 Mo. App. 11. (2) Counsel for appellant also complains that the court erred in not submitting the issue to the jury as to whether or not there was an actual collision between the locomotive and the stock. All the testimony tended to prove that they were struck, and there was no issue to submit to the jury on this point. (3) It was next contended that the receivership of J. F. Barnard was not sufficiently proven, that the court erred in admitting his appeal bond in evidence, as it did not tend to prove that he was receiver of the Omaha & St. Louis Railroad Company at the time of the killing and injuring of plaintiff's stock. (4) Lastly, it is contended that the defendant is not liable if plaintiff's stock was killed and injured by a train belonging to the Wabash Railroad Company, while being operated

over defendant's road: *First*, for the reason that the complaint fails to allege that the Wabash Railroad Company operated its trains over defendant's road as lessee, and, *second*, for the reason there was no proof of such relation between the parties.

ELLISON, J.—This action was brought against defendant as receiver of the Omaha & St. Louis Railway Company, in which plaintiff claims damages for killing some and injuring others of plaintiff's live stock. At the close of the evidence, the plaintiff amended his complaint by stating that the stock was killed by the train of the Wabash Railroad Company, running over the defendant's track. There was a judgment for plaintiff.

At the close of the testimony for plaintiff, there was a demurrer to the evidence overruled by the court. This demurrer was mainly directed to the failure of plaintiff to prove that defendant was receiver of the road as alleged. But defendant introduced evidence which tended to prove that defendant was receiver and was operating the road. The character of this evidence can not be objected to now, as it was admitted without objection in the trial court. So, while defendant's demurrer may have been well taken when presented, the defendant waived it by introducing evidence himself in which there may be found sufficient to authorize a finding that defendant was receiver. We rule the point against defendant.

And so do we, also, the point that defendant should not be made to answer for the act of the Wabash company. The evidence showed that the Wabash company was operating its trains and crews over the road; and while there was no proof of a lease to the Wabash company, there was sufficient to authorize a finding that there existed a license to the Wabash company from

defendant. We have held that the licensor railway is responsible for injuries inflicted by the licensee company. *McCoy v. Railroad*, 36 Mo. App. 445.

We also rule the point against defendant that the court should have given the demurrer to the evidence offered at the close of all the evidence. This was directed to the points already suggested, to the alleged failure of plaintiff to show a liability on defendant for the defective fence; in that, while the evidence showed a defective or broken down fence, it did not show that defendant had notice of it. There is no evidence of notice to defendant, but there is evidence in the record which would authorize the jury to infer notice, if defendant had been diligent in watching over and caring for the safety of the track and right of way. A perusal of the evidence satisfies us that there was sufficient on this head to submit to the jury and to fully authorize them to infer, as a reasonable inference from the facts shown, that defendant had notice of the defects in the fence. And so we think there was sufficient evidence of actual collision by the train with the stock to submit to the jury. The plaintiff testified that he "had cattle on pasture and they got out of there on the railroad *and the cars caught them up there and killed them.*"

But the difficulty with plaintiff's case is that he obtained an instruction from the court peremptorily directing the jury to find for the plaintiff. This was error. It is apparent from the record and from what we have already said that there were points necessary to plaintiff's case, which were to be determined by the jury, and while the case was made out sufficiently to submit to the jury, it was not one of those cases justifying the court in taking it from the jury, and for this error the judgment must be reversed.

Referring again to the amendment of the complaint

at the close of the evidence, whereby the charge of killing the stock was changed from defendant to the Wabash Railway Company, nothing appears in the record to lead us to believe that there was an abuse of discretion by the court in permitting the amendment. We would have been better satisfied with the complaint, if it had alleged a lease or a license from defendant to the Wabash Railway Company, but since the cause originated before a justice of the peace, we are not inclined to hold it a fatal defect, though before another trial it ought to be amended in this respect, so as to save all question about a matter which can be so easily set at rest.

The judgment will be reversed and cause remanded. All concur.