J. R. PRICE, Respondent, v. J. F. BARNARD, Receiver, Appellant..

Kansas City Court of Appeals, April 5, 1897.

1. **Railroads**: KILLING STOCK: GIST OF ACTION: STATEMENT: LICENSE. In an action against a railroad for killing stock under section 2611, Revised Statutes, 1889, the defendant's liability rises out of its negligence to fence its road, and it is immaterial whether the stock was killed by an engine owned by the defendant or by the engine of a company using defendant's track by lease or license; and so it is immaterial where the statement alleges the killing to have been done by its engine or that of its lessee.

2. ———: ———: EVIDENCE: HARMLESS ERROR. In an action against a railroad for killing stock the evidence should be confined to the condition of the fence at the place where the cattle entered the right of way; but where there is no dispute that the fence was bad at the place where the stock did enter, evidence of the bad condition in neighboring places is harmless.

3. ———: ———: ———: ———. Where in an action against a railroad for killing stock a statement alleged the killing was by defendant's engine, the fact that the court struck out the evidence of a witness tending to prove the killing was done by a lessee's engine, is error against the plaintiff of which the defendant can not complain.

4. ———: ———: INSTRUCTION AS TO WHOLE CASE. Where in an action against a railroad for killing stock the defendant sets up no affirmative defense but merely traverses the facts necessary for a recovery, an instruction hypothecating such facts is not objectionable.

5. ———: ———: INSTRUCTION: LIMIT OF RECOVERY. An instruction which fails to limit the amount of recovery is not objectionable where the verdict is not in excess of the amount demanded in the statement.

6. ———: ———: ———: MEASURE OF DAMAGES. Where in an action for killing stock the plaintiff's and defendant's instructions taken together declare the proper rule of damages, there is no error though the plaintiffs alone do not lay down the proper rule.

7. ———: ———: ———: ———: INSTRUCTIONS. An instruction in this case is *held* to sufficiently leave it to the jury to determine whether the injury was caused by the negligence to maintain a fence.

8. ———: ———: VALUE AND CARE OF INJURED ANIMALS: APPELLATE
PRACTICE. Where there is a conflict of evidence as to the value of
injured animals and the cost of caring for them, the question is for
the jury and the appellate court will not interfere.

*Appeal from the Daviess Circuit Court.*—HON. E. J.
BROADDUS, Judge.

AFFIRMED.

*Aleshire & Benson* for appellant.

(1) No evidence should have been allowed under
the amended statement, because it does not state facts
sufficient to constitute a cause of action. It was not
the same cause of action upon which the case was tried
before, either in the circuit or appellate court. In the
former trial plaintiff claimed that the Wabash Railroad
Company killed and injured the stock in controversy.
(See statement and opinion 65 Mo. App. 649). Now
he claims they were killed and injured by the agents
and servants of J. F. Barnard, receiver of the Omaha
& St. Louis Railway. This being for damages under a
penal statute, the pleadings and evidence should come
strictly within the rule, and not leave the issues to be
guessed at. *Lainiger v. R. R.*, 41 Mo. App. 165. (2)
The court erred in permitting plaintiff to show the bad
condition of the fence between plaintiff's land and the
right of way of the railroad at any point or place other
than where the stock in controversy entered upon the
right of way. (3) The court should not have stricken
out that part of witness T. Phillips' evidence, which
tended to show that the Wabash Railroad Company
killed and injured the stock in controversy. (4) De-
fendant's instruction number 3 should have been given.
It was plaintiff's duty to care for the stock injured and
use his best efforts to aid in its recovery, and if guilty
of negligence and want of care, as in this case, he

should suffer the loss. *Harrison v. R. R.*, 88 Mo. 625, and cases cited. (5) Plaintiff's instruction number 1 should not have been given, for several reasons: *First,* because it fails to cover the entire case. *Hohstadt v. Daggs,* 50 Mo. App. 240; *Carpenter v. McDavitt & Cottingham,* 53 Mo. App. 394; *Maack v. Schneider,* 57 Mo. App. 431; *Carder v. Primm,* 60 Mo. App. 243. *Second,* because it does not limit the recovery for the value of the damage, but leaves it wholly to the jury. The instruction certainly should have limited the recovery to the amount sued for. *Third,* because it does not define the measure of damages for the stock injured. *Belch v. R'y,* 18 Mo. App. 80; *Matney v. Grain Co.,* 19 Mo. App. 107; *Harrison v. R. R.,* 88 Mo. 625. *Fourth,* because it does not state that the damage was occasioned by reason of the stock entering the right of way through the defective fence. *Montgomery v. R. R.,* 90 Mo. 446.

*John C. Leopard* and *Alexander & Richardson* for respondent.

(1) Our cause of action is based on the statute and the liability of defendant arises from a failure to maintain lawful fences, etc., as required by the statute, and it is immaterial whether it was an Omaha & St. Louis or a Wabash train that struck and injured plaintiff's stock,—defendant's liability is precisely the same. The engine and cars were simply the instrument with which the injury was inflicted and are not the ground of the liability. *McCoy v. R. R.,* 36 Mo. App. 445. (2) Appellant next complains that the court permitted the plaintiff to show the bad condition of defendant's fence between defendant's right of way and plaintiff's land at other points than where the stock entered on the

right of way. As there was not a single panel of good fence adjoining plaintiff's land, we don't understand how defendant was prejudiced by this evidence. (3) What is said under first subdivision in this brief with reference to testimony of Phillips, is all we care to submit on that subject. (4) Defendant next complains that the court erred in giving plaintiff's first instruction: *first*, because it does not cover the entire case. But as the second, third, and fourth objections specify wherein the instruction is thought to be defective, we will notice them. While it would have been better for the instruction to limit the recovery to the sum sued for, viz., $105, as the verdict was for that sum, and not in excess of it, we do not understand how defendant was prejudiced. The third objection is equally untenable, for the instruction does define clearly the measure of damages, but if it does not, when taken in connection with defendant's seventh instruction, the measure of damages is, we think, fully defined. As to the fourth objection, the instruction fairly submits all the issues necessary to a recovery, as plaintiff's first instruction submits the question of the sufficiency of defendant's fence at the point where they came upon the defendant's track and were killed and injured.

SMITH, P. J.—This action was based upon section 2611, Revised Statutes, and was brought before a justice of the peace to recover damages under that section for injuries to two cows and two calves, the property of the plaintiff. There was a trial in the court below which resulted in judgment for plaintiff. The defendant appealed.

I. The defendant objects that the statement on which the case was first tried alleged that the plaintiff's cattle were injured by the agents of the Wabash Rail-

Price v. Barnard.

RAILROADS: killing stock: gist of action: statement: license. road Company engaged in running its locomotives and trains of cars over the defendant's railroad, while that on which the trial was had in the present case, alleged that the injury was inflicted by the agents of the defendant while engaged in running a locomotive and train of cars over its railroad, and that the latter alleges a substantially different cause of action from the former. It is perhaps a sufficient answer to this objection to say that the injury of which plaintiff complains resulted from the neglect of the defendant's railway, the Omaha & Saint Louis Railway Company, to maintain lawful fences on the sides of its railroad along and at the place where the injury happened. This was the ground of the defendant's liability. Whether the locomotive and train of cars which struck and injured the plaintiff's cattle were operated by the defendant or by the Wabash Railroad Company can make no difference. The liability of the defendant arises out of its neglect to perform its statutory duty in respect to fencing its road.

If, as it appears from the evidence, it was the fact that the plaintiff's cattle were injured by the locomotive and cars of the Wabash Railroad Company on the defendant railroad track, we may presume in the absence of any showing in the evidence to the contrary, that that railroad company was running the locomotive and train of cars over the defendant's railroad under a lease or license of the defendant's railroad company; and that therefore the latter is as liable for the injury inflicted by the former as though such latter had itself been running the locomotive and cars inflicting the injury. Although the statement does not allege that at the time of the injury the Wabash Railroad Company was operating the defendant's rail-

road under a lease or license, still *we* think that the allegation that the injury was inflicted by the agents of the defendant in operating its locomotive and cars was sufficient to warrant the reception of proof that the injury was inflicted by the former. The reception of the evidence adduced would have been warranted under either statement, and either would support the judgment. *McCoy v. Railway*, 36 Mo. App. 445; *Price v. Railway*, 65 Mo. App. 649.

II.   The defendant further objects that the trial court erred in permitting the plaintiff to show the bad condition of the defendant's fences at places other than that where the plaintiff's stock entered upon the right of way. Manifestly the court should have confined the evidence as to the condition of the fence to the place where the plaintiff's cattle entered upon the defendant's right of way, but since there is no dispute as to the fact that the plaintiff's cattle entered upon the right of way at a place where the defendant's fence was down and in bad condition, no injury could have resulted to it by the reception of evidence showing such fence was down and in bad condition elsewhere.

*evidence: harmless error.*

III.   The action of the trial court in striking out the testimony of the defendant's section foreman, which was to the effect that the locomotive and train which inflicted the injury to plaintiff's cattle was that of the Wabash Railroad Company, was not reversible error. According to the views of the law expressed in paragraph 1 of this opinion, such testimony tended to prove the plaintiff's case, and if the action of the court was error it was against the plaintiff.

IV.   It is insisted by the defendant that the plaintiff's first instruction is erroneous in that it fails to cover the

Price v. Barnard.

*—: —: instruction as to whole case.* entire case.   In this we think the defendant is mistaken.    The rule is well settled that if a party asks an, instruction on the whole case he must not so frame it as to exclude from the consideration of the jury the points raised by the evidence of his adversary; as for example, if a party sues on a bond for the payment of money and the defendant gives evidence of payment, it would be improper for the court at the instance of plaintiff to instruct the jury that if they believed the defendant executed the bond to find for plaintiff.   *Clark v. Hammerle*, 27 Mo. *loc. cit.* 70.   The defendant introduced no evidence of any defense.   It contented itself with the introduction of evidence tending to establish the negative of the facts hypothesized in plaintiff's instruction.    It was not therefore error for the trial court to peremptorily declare to the jury as it did by said instruction that if they found the facts therein mentioned, that their verdict should be for plaintiff.

It is further insisted by defendant that the said instruction did not limit the amount of the recovery, *—: —: instruction: limit of recovery.* and it was for that reason erroneous. The verdict was not in excess of the amount for which judgment was demanded in the plaintiff's statement, so that no harm resulted from the omission.

It is further suggested by the defendant that said instruction is erroneous in that it does not define the *—: —: —: measure of damages.* measure of damages. It told the jury that the "verdict if for plaintiff must be for the reasonable cash value of the stock that died from their injuries and for whatever sum the stock that was struck and injured were damaged by being so struck and injured."   The defendant's seventh instruction told the jury if they found for plaintiff to allow the actual value of the cow and calf killed in the market

in the township where killed at the date of the killing, and for the cow and calf not killed the actual amount of damages resulting from the injury. These two instructions declared the proper rule for the government of the jury. *Harrison v. Railway*, 88 Mo. 625.

The last objection urged by the defendant to the said instruction is that it did not leave it to the jury to determine whether the damage was occasioned by reason of the plaintiff's cattle entering upon the right of way through the defective fence. It plainly told the jury amongst other things that if the plaintiff's cattle got upon the defendant's railroad track and were injured at a place where its fence, along the side of the right of way, was down and out of repair, and that the same had been down and out of repair a sufficient length of time, that by the exercise of ordinary diligence it could have known the fact, to find for plaintiff. This we think sufficiently left it to the jury to determine whether the injury was caused by the negligence of the defendant in respect to maintenance of its fences on the sides of its right of way.

*—: —: —: —: instructions.*

V.    It is true there was much conflict in the evidence as to whether the cow and calf that were not killed but injured by the collision were of any value after the infliction of the injury. Some of the witnesses testified that they were of no value while others testified that after they got well of their injuries they were sold by the parties who took charge of them. It was testified that the cow brought $25, but there was no testimony as to amount for which the calf was sold. It was not shown what it was worth to care for the crippled cow and calf. The cost of caring for them may have been equal to the amount they brought.

*—: —: value and care of injured animals: appellate practice.*

Anyway this was a question for the jury and with their determination of it we are not at liberty to interfere.

While some minor errors seem to have intervened at the trial we discover nothing that was harmful to the defendant, and therefore the judgment will be affirmed. All concur.