BENJAMIN LEVITAS, Plaintiff, *v.* YARMEL REALTY CORPORATION
and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District,
June 21, 1926.

Pleadings — motion for judgment on pleadings — action for fraud pre-
dicated on instrument reciting that certain mortgage belonging to
defendant corporation would not be assigned or transferred until plain-
tiff was paid for his services — said contract was executed by defendant
corporation by its president, individually, and as president — whether
or not assignees of said mortgage intended to defraud plaintiff cannot
be determined on motion for judgment on pleadings under Civil Practice
Act, § 476, and Rules of Civil Practice, rule 112 — corporations — cor-
poration cannot deny obligation for services after having accepted
them.

In an action for fraud predicated on an instrument attached to the complaint
therein which was signed by the defendant corporation by its president, indi-
vidually, and as president, reciting that a certain mortgage belonging to the
corporation would not be assigned or transferred until plaintiff was paid for
his services, the fact as to whether the assignees of said mortgage intended
to defraud plaintiff cannot be determined on a motion for judgment on the
pleadings under section 476 of the Civil Practice Act and rule 112 of the Rules of
Civil Practice.

Moreover, since plaintiff may submit proof of services rendered to the corporation
subsequent to the execution of the agreement, it would be improper to permit
said corporation to deny any obligation therefor, particularly where it has
already accepted the fruits of the services performed by the plaintiff prior to the
execution of the agreement.

MOTION by defendants for judgment on the pleadings.

*Samuel Cherkos,* for the plaintiff.

*Waldman & Lieberman,* for the defendants.

PANKEN, J.   Defendants move for judgment under rule 112 of
the Rules of Civil Practice, and section 476 of the Civil Practice
Act.   Section 476 of the Civil Practice Act reads:

" § 476. Judgment on pleadings or admission of part of cause.
Judgment may be rendered by the court in favor of any party or
parties, and against any party or parties, at any stage of an action
or appeal, if warranted by the pleadings or the admissions of a
party or parties; and a judgment may be rendered by the court
as to a part of a cause of action and the action proceed as to the
remaining issues, as justice may require."

Under this section either party may move at any time during
the pendency of the action for judgment upon the pleadings or
admissions.

On this motion only the pleadings need be considered. The complaint sets forth fraud, the defendants deny the fraud alleged in the complaint, and each interposes separate defenses.

Exhibit A attached to the complaint is made part of the complaint. Among other things it provides:

" 2. It is further agreed that to secure the said party of the third part for the payment of his services as aforementioned, the party of the second part guarantees payment thereof and agrees to assign all his right, title and interest in and to the assets of the Yarmel Realty Corp. and by this instrument does assign, transfer and set over all his right title and interest in and to his share of the assets of the said company, as collateral security for the payment of the said services, to the said party of the third part, with the distinct understanding that no moneys shall be withdrawn from the said company by the party of the second part, except the payment of a certain note in the sum of $200.00 due to the corporation, until the said party of the third part is paid the sum of $250 or $300 as the case may be, and the said party of the second part hereby agrees not to transfer his interest in the said company, consisting of 50% of the issued stock of the said company and will not transfer or assign the mortgage of $7,000 above described until the said party of the third part is paid for his services."

The defendants contend that paragraph 2 of the assignment, Exhibit A, does not in law and in fact operate as an agreement between the plaintiff herein and the defendants Yarmolofsky and Yarmel Realty Corporation, either to assign or to act as an assignment of the right of the defendant Yarmolofsky or the property of the defendant Yarmel Realty Corporation. Exhibit A is signed " Yarmel Realty Corp. by J. Yarmolofsky, President," and then by J. Yarmolofsky as an individual, and duly sealed. There can be no question that as far as Yarmolofsky is concerned individually, he agreed not to assign any of his interest or stock in the corporation, the codefendant; and he also agreed that no money would be withdrawn from the said company by himself except as in the contract provided.

Unless when acting as president he acted within the scope of his general authority, he could not bind the corporation. That is true as a general proposition. There are, however, circumstances which may alter that condition.

In construing the paper marked " Exhibit A " it must be done with a due regard to the intent of the parties entering into the agreement. The paragraph in part reads, " and will not transfer or assign the mortgage of $7,000 above described until the said party of the third part is paid for his services." The defendant

Yarmolofsky acted as president, and the plaintiff herein knew that the mortgage was the property of the defendant corporation, that Yarmolofsky as an individual had no title to it or had no power to make an assignment of the mortgage. The intent of the parties must have been, and I must read the contract to mean, that the corporation agreed not to assign the $7,000 mortgage until the plaintiff herein will have been paid for his services.

The plaintiff in this case has performed services both for the defendant Yarmolofsky as well as the defendant corporation, and a reading of Exhibit A will show that he performed services not only antedating the exhibit, but was to perform services after the date when the contract was entered into.

In the case of *Bennett* v. *Judson* (21 N. Y. 238) the court says: " There is no evidence that the defendant authorized or knew of the alleged fraud committed by his agent Davis, in negotiating the exchange of lands. Nevertheless, he cannot enjoy the fruits of a bargain without adopting all the instrumentalities employed by the agent in bringing it to a consummation. If an agent defrauds the person with whom he is dealing, the principal, not having authorized or participated in the wrong, may no doubt rescind, when he discovers the fraud, on the terms of making complete restitution. But so long as he retains the benefits of the dealing he cannot claim immunity on the ground that the fraud was committed by his agent and not by himself. This is elementary doctrine."

The defendant corporation accepted the fruits of the services performed by the plaintiff prior to the entry into the contract, in any event, and it may be possible that the plaintiff may submit proof of services rendered to the corporation after the entry into the contract, marked Exhibit A. The defendant corporation cannot accept the fruit which the act of its agent, its president in this case, has made available, and deny obligation therefor.

As to the other defendant, it is alleged by the plaintiff that they knew of this Exhibit A marked in evidence before the assignment of the mortgage was made by the corporation to one of the other defendants. If they knew of the agreement entered into between the president of the corporation on behalf of the corporation and himself with this plaintiff, it may well be that under their understanding of the purpose of Exhibit A, the paper was not binding upon the corporation, and hence they may well say that their conduct was not for the purpose of defrauding the plaintiff of his subscantial rights; but that is a matter which should be tried out. The complaint may have been more explicit and definite than the pleader in this case saw fit to make it. I think, however,

that it is not insufficient in law, and that taken together with the answer, under section 476 of the Civil Practice Act, under rule 112 of the Rules of Civil Practice, the defendants are not entitled to judgment upon the pleadings. Motion denied.